306 So.2d 153 (1975)
Rosie D. RUIZ and Thomas Ruiz, Her Husband, Appellants,
v.
COLD STORAGE AND INSULATION CONTRACTORS, INC., a Corporation, and American Liberty Insurance Company, a Corporation, Appellees.
No. 74-203.
District Court of Appeal of Florida, Second District.
January 8, 1975.
*154 E.B. Rood, of Rood & Charlton, Tampa, for appellants.
Charlie Luckie, Jr., of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees.
GRIMES, Judge.
This is an appeal from a judgment in favor of the defendants entered upon a jury verdict in a negligence action.
The sole point on appeal is whether the court erred in refusing to give Standard Jury Instruction 5.1 subd. b on concurring cause. Since the question is whether there is a version of the evidence which dictated the giving of the instruction, the facts shall be considered in the light most favorable to the plaintiffs.
Rosie Ruiz was a passenger in the front seat of an automobile being driven by her mother in an easterly direction on Arch Street in the City of Tampa. The automobile had stopped at a stop sign and then pulled out into Habana Avenue about five feet where it stopped again. At this time, the defendants' pickup truck was proceeding south on Habana Avenue about one block away. The defendants' driver did not see the automobile until he was approximately one car length away. Defendants' driver then hit his brakes but collided with the left front of the automobile. Rosie was permanently injured and brought this suit against the owner of the truck and its insurer.
Standard Jury Instruction 5.1, subd. b reads as follows:
"In order to be regarded as a legal cause of [loss] [injury] [or] [damage], negligence need not be the only cause. Negligence may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such [loss] [injury] [or] [damage]."
Under the facts of this case, the jury could easily conclude that this accident was legally caused by the negligence of both drivers acting in combination with each other. Under such circumstances, Rosie Ruiz and her husband would be entitled to a verdict because the negligence of her mother was not imputed to Rosie. Mansfield v. King, 1940, 142 Fla. 650, 195 So. 700; Hernandez v. Pensacola Coach Corporation, 1940, 141 Fla. 441, 193 So. 555. There is no requirement that the person whose negligent act may have combined with that of the defendant as contemplated by the instruction must also be a defendant in the suit. The litigants have the right to have the court instruct the jury on the law applicable to the evidence under the issues presented. Williams v. Sauls, 1942, 151 Fla. 270, 9 So.2d 369; Hattaway v. Florida Power & Light Company, Fla.App.2d, 1961, 133 So.2d 101. The evidence in this case was such that the *155 instruction on concurring cause should have been given.
There remains the more difficult question of whether the failure to give the instruction constitutes harmful error. It is well settled that jury instructions must be examined and considered as a whole in determining whether a jury was properly instructed. Grimm v. Prudence Mutual Casualty Co., Fla. 1971, 243 So.2d 140. The court did instruct the jury that a verdict should be returned against the defendants if their driver was negligent in the operation of the truck and if such negligence was a legal cause of the damages suffered by the plaintiffs. The defendants contend that by returning a verdict for them the jury necessarily concluded that their driver was not guilty of any negligence which was the legal cause of the plaintiffs' damages. Since there was ample evidence to support this conclusion, they argue that the verdict should stand.
In a rather similar factual situation, the Supreme Court in Miami Coca Cola Bottling Co. v. Mahlo, Fla. 1950, 45 So.2d 119, said that while an instruction on concurrent cause should have been given, it was harmless error not to do so. Yet, this case can be distinguished because the plaintiff's counsel failed to request an instruction on concurrent cause. The Supreme Court later cited this decision as giving an excellent discussion of the duty of the trial judge to charge the jury on "the law of the case" in the absence of a specific request. Schweikert v. Palm Beach Speedway, Fla. 1958, 100 So.2d 804.
In the final analysis, our decision must turn on whether we think there was a reasonable possibility that the jury could have been misled by the failure to give the instruction. We believe there is a definite possibility that this could have occurred. The jury may well have believed that both drivers were negligent, but, as between the two, the negligence of Rosie's mother outweighed that of the defendants' driver. Under these circumstances, in the absence of an instruction upon concurring cause, the jury could have reasonably concluded that they must return a verdict for the defendants.
The judgment is reversed, and the case is remanded for a new trial.
HOBSON, A.C.J., concurs.
BOARDMAN, J., dissents with opinion
BOARDMAN, Judge (dissenting).
I would affirm the judgment of the trial court for the reason that review of the record, briefs and argument dictates that the ruling of the trial judge, in denying appellants' counsel's request for Standard Jury Instruction 5.1, subd. b on concurrent negligence, was within his discretion. Based on the testimony adduced at the trial, the jury instructions given by the trial judge, and considering the applicable principles of law, the trial judge did not abuse his discretion in refusing to give said instruction.
I respectfully dissent.