311 So.2d 116 (1975)
Cyrus A. LITTLE, As Surviving Spouse of Elsie Little, Deceased, and As Personal Representative of the Estate of Elsie Little, Deceased, Appellant,
v.
Peruz MILLER et al., Appellees.
No. 74-637.
District Court of Appeal of Florida, Fourth District.
April 4, 1975.
Rehearing Denied May 6, 1975.
*117 Carol M. Anderson, of Anderson & Anderson, P.A., Fort Lauderdale, for appellant.
Martin J. Sperry, of Carey, Dwyer, Cole & Selwood, Fort Lauderdale, for appellees.
WALDEN, Judge.
This is primarily a fact case. It is a personal injury suit for damages arising out of an intersection collision between plaintiff's vehicle and defendant's vehicle. It was tried to a jury with the result that verdict and judgment were in favor of defendant. Plaintiff appeals. We reverse.
The facts are somewhat complicated, with dispute as to some of them, and so a sketch may be helpful.

There were four vehicle participants: plaintiff's car, defendant's car, and the two vehicles marked X and Y. It can be said, depending upon which version of the happenings is viewed, that the jury would be justified in finding the drivers of plaintiff's car, defendant's car and Y's car guilty of negligence that substantially contributed to proximately causing the accident.
*118 The sole error claimed is the refusal of the trial court to give Standard Jury Instruction No. 5.1(b):
"b. Concurring cause:
"In order to be regarded as a legal cause of injury or damage, negligence need not be the only cause. Negligence may be a legal cause of injury or damage even though it operates in combination with the act of another or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such injury or damage."
Back to the collision, and keeping the sketch in mind  traffic was heavy in the eastbound lanes with traffic backed up solidly from the traffic light a block away at U.S. # 1. X and Y, eastbound on Oakland Park Boulevard, stopped at N.E. 21st Terrace so as to leave the intersection clear until they could find room in the lanes ahead to proceed.
Defendant appeared. He traveled west and stopped in the left-turn lane of Oakland Park Boulevard preparatory to negotiating a left turn into N.E. 21st Terrace. He saw the stopped X and Y vehicles. X waved for defendant to proceed with his turn and defendant testified he complied with a step by step process. He testified he traveled to a spot in the lane in front of X and stopped, that Y then waved him on and he complied and traveled to a spot in the lane in front of Y and stopped.
We come closer to the critical happening. X and Y and did not testify. Defendant testified that Y, seeing the traffic begin to clear on the Boulevard in the next block, went around the south side of defendant's stopped vehicle and proceeded eastward in the curb lane of Oakland Park Boulevard. Defendant testified that, while he remained stopped, the plaintiff appeared and was traveling east in the curb lane of Oakland Park Boulevard. He proposed that plaintiff, seeing Y change from the middle lane to the curb lane directly in front of plaintiff, veered from the curb lane to the center lane and struck the defendant's stopped vehicle.
Plaintiff testified that he was traveling at all times in the curb lane, that defendant's vehicle appeared in front of plaintiff and that defendant's vehicle was in motion. Plaintiff testified that Y played no part in the collision and that he never even saw such a car.
And so the tactic and principal thrust of defendant's defense was that defendant was blameless and, importantly and by way of emphasis, that the collision was caused by the negligence of Y in changing over into plaintiff's lane of travel causing plaintiff to change lanes and strike defendant's vehicle parked in the center lane. Further, defendant charged that plaintiff was negligent in failing to keep a lookout and have his car under control.
It is without doubt that any negligence attributable to defendant that substantially contributed to the injury should not have been excused by the jury because of a concurring cause, and this is true even though theoretically the quantum of negligence attributable to the concurring cause (Y) was measurably larger than the negligence of defendant. De La Concha v. Pinero, 104 So.2d 25 (Fla. 1958). See Homan v. County of Dade, 248 So.2d 235 (3d D.C.A.Fla. 1971).
There are various conclusions that the jury might have reached in determining the negligence of the participants, depending upon their views as to the weight to be accorded the testimony of the several witnesses. We need not plumb all the possibilities. While we can not know their thought processes, we feel that there was more than a reasonable possibility that the jury could have found both defendant and Y to be guilty of negligence proximately causing the collision. Going on, there is further a likely possibility, because of the mentioned defense that the jury was led to believe that the defendant should be excused from negligence because of the perhaps *119 greater negligence of Y, which constituted a concurring cause, even though the defendant's negligence contributed substantially to causing the collision. Hence, it follows that in the absence of the requested instruction the jury could have been misled in reaching its verdict. This view is borne out by the committee notes explaining Standard Jury Instruction No. 5.1(b), as follows:
"[The jury instruction] does not set forth any additional standard for the jury to consider in determining whether negligence was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his negligence by reason of some other cause concurring in time and contributing to the same damage." (Emphasis supplied.)
It is our judgment that if the requested instruction has any place for proper use, it is in this case.
In Ruiz v. Cold Storage and Insulation Contractors, Inc., 306 So.2d 153 (2d D.C.A.Fla. 1975), the court reversed a judgment entered on a jury verdict for defendants on the grounds that failure to give an instruction on concurrent cause was error:
"In the final analysis, our decision must turn on whether we think there was a reasonable possibility that the jury could have been misled by the failure to give the instruction. We believe there is a definite possibility that this could have occurred."
We believe that the testimony concerning Y's conduct added another dimension to the jury deliberations and that although the usual other instructions were given the matter was not cured, as it could have been by the explanation contained in Standard Jury Instruction 5.1(b).
Finally, we record that we believe the able trial judge was mistaken in refusing to give the charge on the basis that it was limited only to damages. It, as we have explained, is a necessary charge to be used in assessing the claimed negligence of the litigants with reference to liability as well.
All arguments and the record considered, the judgment must be reversed and the cause remanded for a new trial.
Reversed and remanded.
DOWNEY, J., and JOHNSON, W. CLAYTON, Associate Judge, concur.