SHIVERS, Judge.
This is an appeal by plaintiffs, Samuel N. Roby and his mother Judith R. Roby, from a judgment in favor of plaintiffs and a final costs judgment against plaintiffs entered upon a jury verdict in a negligence action. We reverse on the following issues: 1) Whether refusal to instruct the jury with Standard Jury Instruction 5.1b on concurring cause was error, 2) Whether limiting the examination of experts by plaintiffs’ counsel was error, 3) Whether admitting evidence that the plaintiff had a prior homosexual relationship was error, 4) Whether the damages awarded plaintiffs were inadequate.
Samuel N. Roby (plaintiff/appellant) was 16 years old when he sustained brain damage while a hitchhiker passenger in a vehicle driven by intoxicated Barry Ratliff (defendant/appellee). The car collided at night with the rear of a tractor-trailer rig parked in the emergency lane of the highway. Lee Kingsley (defendant/appellee), the driver and operator of the rig, was improperly parked in the emergency lane without reflective warning devices.
Samuel Roby and his mother sued Ratliff and Kingsley for damages. A default was entered against Ratliff. Kingsley was returned a jury verdict of no negligence. Final judgment was entered in favor of plaintiffs and against Ratliff in the amount of $700,000 for Samuel Roby and $50,000 for Judith Roby, and against plaintiff in favor of Kingsley. A final costs judgment was entered for Kingsley and against plaintiffs for $6,658.
The first issue on appeal is whether the court erred in refusing to give Standard Jury Instruction 5.1b on concurring cause.[1] The purpose of the concurring cause instruction is to negate the idea that a defendant is excused from the consequences of his negligence by reason of some other cause concurring in time and contributing to the same damage. Little v. Miller, 311 So.2d 116 (Fla. 4th DCA 1975).
In Ruiz v. Cold Storage and Insulation Contractors, Inc., 306 So.2d 153 (Fla. 2d DCA 1975) cert. denied, 316 So.2d 286 (Fla. 1975), the court held it was error for a trial judge not to instruct the jury on concurrent causation when two criteria are met. First, the facts as viewed most favorably to the plaintiff support the need for such an instruction, and second, the failure to give the instruction may mislead the jury. Id. See also, Clooney v. Geeting, 352 So.2d 1216, 1219 (Fla. 2d DCA 1977), Little v. Miller, 311 So.2d 116 (Fla. 4th DCA 1975). The trial court’s refusal to give a concurring cause instruction in Ruiz was error because the jury could have reasonably concluded in the absence of such an instruction that they must return a verdict for the more negligent of the two negligent drivers involved in the intersection collision. Ruiz, 306 So.2d at 154.
Applying the facts of this case to the first Ruiz criterion, the record sufficiently demonstrates the possibility of con *792 current negligence on the part of Kingsley to warrant the requested instruction. Kingsley was illegally parked partially in the emergency lane in violation of Section 316.194, Florida Statutes and failed to display the required triangular reflectors behind his vehicle as required by Section 316.-301, Florida Statutes.
As to the second Ruiz criterion, the trial court’s failure to give the concurrent cause instruction might very well have misled the jury. Standard Jury Instruction 5.1a[2] does not address concurring causes and the jury was not instructed about joint and several liability. The concurring cause instruction would have specifically dispelled any erroneous belief by the jury that they must find only one legal cause of the plaintiffs’ damages. In this particular case, the jury may also have been misled by the fact that defendant Ratliff was found liable by default as a matter of law. It is not difficult to imagine that the jury could have believed Ratliff's liability as a matter of law excused any liability on the part of Kingsley.
The jury may also have been misled by the following closing argument of Kingsley’s counsel:
... [t]he Court is going to tell you that in order to find an individual, in this case Mr. Kingsley, at fault, you not only need to determine that he was negligent but that his negligence was the cause of the accident. It’s a two step process. You’ve got to find not only that he was negligent, but you have to find that his negligence caused the accident. (Emphasis added).
In fact, plaintiff did not have to prove that Kingsley earned the accident, only that his conduct, in combination with the act of another, caused the accident. We conclude the jury may have believed that both drivers were negligent, but the jury could have been misled into believing that Ratliff’s negligence, as the more significant “cause” of the injury, relieved Kingsley of any liability. We therefore conclude from the evidence and the absence of a concurring cause instruction that the jury could well have been misled. Based on this error, a new trial on all the issues is awarded.
The second issue on appeal is whether limiting the examination of experts by plaintiffs’ counsel on the issue of causation was error. We hold that it was. Plaintiffs’ expert should have been allowed to testify about highway design and construction, specifically the purpose of an emergency lane to provide a reasonable opportunity for recovery of an out of control vehicle. The jury should have had this information to determine whether Ratliff would have been able to recover from drifting into the emergency lane. Defendant’s expert should have been allowed to testify as to whether the parked tractor-trailer was a concurring cause of the accident. This excluded evidence had a direct bearing on the issue of concurring causation.
The third issue on appeal is whether evidence of Samuel Roby’s prior homosexual relationship was properly admitted at trial. We reverse on the basis that the evidence was irrelevant to his injuries and could have been prejudicial. Even if it were relevant it would be inadmissible since its value would be substantially outweighed by the danger of unfair prejudice. Section 90.403, Florida Statutes.
We reverse the fourth issue on appeal on the basis that the damages awarded plaintiffs were inadequate. Since defendant Kingsley was found not liable on the trial level, the issue of inadequate damages is raised only as to defendant Ratliff. However, because reversal based on the lack of a concurring cause instruction necessitates Kingsley’s retrial on the issue of liability, damages may be assessed against Kingsley if he is subsequently found liable.
*793 Judith Roby’s award of $50,000 is clearly inadequate in light of the uncontra-dicted evidence that she incurred $170,000 in past medical expenses for her son before he reached majority. Where the award is less than the undisputed medicals, the award is inadequate. Straker v. Lynch, 335 So.2d 356 (Fla. 1st DCA 1976), cert. denied, 341 So.2d 1083 (Fla.1977). Reversal of the other issues on appeal could result in a greater damages award for Samuel Roby.
REVERSED and REMANDED for a new trial including damages.
ZEHMER and BARFIELD, JJ., concur.

. Standard Jury Instruction 5.1b reads as follows:
In order to be regarded as a legal cause of [loss] [injury] [or] [damage], negligence need not be the only cause. Negligence may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such [loss] [injury] [or] [damage].

. Standard Jury Instruction 5.1a reads as follows:
Negligence is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the negligence, the [loss] [injury] [or] [damage] would not have occurred.