550 So.2d 15 (1989)
Darryl ELLIS, Appellant,
v.
Bruce WEISBROT, D.D.S., Appellee.
No. 88-1736.
District Court of Appeal of Florida, Third District.
July 11, 1989.
Rehearing Denied November 6, 1989.
Deutsch & Blumberg, P.A., James C. Blecke, Miami, for appellant.
*16 Walton Lantaff Schroeder & Carson and G. Bart Billbrough and Geoffrey B. Marks, Miami, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
PER CURIAM.
Darryl Ellis appeals from a final judgment entered on a jury verdict finding no negligence in a dental malpractice action. For the following reason, we reverse.
Ellis sued Jefferson Stores, Inc., and Drs. Kirsner and Weisbrot for dental malpractice. On the morning of trial, Ellis voluntarily dismissed Dr. Kirsner in exchange for a waiver of costs and fees. Although the record is not clear on this point, Ellis states on appeal that the dismissal was with prejudice. During cross-examination of Dr. Kirsner, counsel for Dr. Weisbrot asked the following question over Ellis's objection: "Dr. Kirsner, isn't it true you were just dismissed as a defendant from this case yesterday by the plaintiff?" Dr. Kirsner answered, "That is correct." Ellis moved for a mistrial; the trial court later denied his motion. The following day, during continuing cross-examination of Dr. Kirsner, Dr. Weisbrot's attorney, over Ellis's repeated objections, continually referred to Dr. Kirsner's former status as a defendant in the lawsuit.
The trial court erred in admitting evidence of Dr. Kirsner's prior status as a defendant in the lawsuit and dismissal of the claim against him. "The fact of such a release or covenant not to sue, or that any defendant has been dismissed by order of the court shall not be made known to the jury." § 768.041, Florida Statutes (1987). Section 768.041 prohibits informing the jury that a witness was a prior defendant, whether the party was dismissed by release or settlement or by court order. Ashby Div. of Consol. Aluminum v. Dobkin, 458 So.2d 335 (Fla. 3d DCA 1984); Green v. Ed Ricke & Sons, Inc., 438 So.2d 25 (Fla. 3d DCA 1983), approved, 468 So.2d 908 (Fla. 1985); Webb v. Priest, 413 So.2d 43 (Fla. 3d DCA 1982); City of Coral Gables v. Jordan, 186 So.2d 60 (Fla. 3d DCA), aff'd, 191 So.2d 38 (Fla. 1966). A dismissal with prejudice is tantamount to a release. Eason v. Lau, 369 So.2d 600 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1365 (Fla. 1979).
Admission of such testimony, even to attack the former defendant's credibility, is clear error and requires reversal. Ashby, 458 So.2d at 337; City of Coral Gables, 186 So.2d at 63.
Reversed and remanded for a new trial.