PER CURIAM.
We find no reversible error by the trial court in denying appellant’s motion for new trial. Although the appellant may have demonstrated the occurrence of some legal errors in the trial proceedings, we believe that the trial court acted within its discretion in concluding that a new trial was not warranted.
Specifically, we reject appellant’s claim that the trial court erred in allowing the disclosure during cross-examination that a physician-witness had previously been a defendant in the case and was voluntarily dismissed by the plaintiff. Appellant claims that this was a violation of the provisions of Section 768.041, Florida Statutes (1989). This section provides that a release or covenant not to sue one joint tort-feasor shall not constitute the release of another joint tort-feasor, but the amount of any settlement shall be set off against any judgment recovered against the other joint tort-feasor. Section 768.041(3) further provides:
The fact of such a release or covenant not to sue, or that a defendant has been dismissed by order of the court shall not be made known to the jury.
(emphasis supplied).
These provisions appear in substantially similar form in section 46.015 of the statutes entitled “Release of parties”. Section 46.015(3) provides:
The fact that a written release or covenant not to sue exists or the fact that any person has been dismissed because of such release or covenant not to sue shall not be made known to the jury,
(emphasis supplied).
The purpose of these provisions is to implement public policy in favor of settlement and avoidance of litigation. Cenvill Communities, Inc. v. Patti, 458 So.2d 778 (Fla. 4th DCA 1984), pet. for rev. denied, 467 So.2d 1000 (Fla.1985). In Ellis v. Weisbrot, 550 So.2d 15 (Fla. 3d DCA 1989), the court held that a voluntary dismissal with prejudice of a defendant came within section 768.041. The Ellis court held that it was reversible error to allow a dentist-witness to be questioned about his former status as a defendant in the case. In Ellis, the defendant agreed to pay costs and fees in exchange for the dismissal, so that the dismissal could be said to be part of an agreed settlement.
In this ease it is undisputed that the dismissal was a voluntary dismissal effected by and at the sole discretion of the plaintiff, and the dismissal was not related to any settlement, release or covenant not to sue. Accordingly, we do not believe the statutes were violated. We find no abuse of discretion by the trial court in permitting the witness to be questioned about the timing of the dismissal in relation to the formation of his opinion about the conduct of other physician-defendants.
We also believe that any possible error would be harmless in view of the other evidence offered in the case and the opportunity of the appellant to demonstrate that no settlement had been made with the witness. The witness’ credentials were thoroughly explored and the appellant was given the opportunity to respond to the defendants’ suggestive inquiry. See White Const. Co. v. Dupont, 455 So.2d 1026 (Fla.1984) (harmless error test).
AFFIRMED.
ANSTEAD, STONE and POLEN, JJ., concur.