687 So.2d 846 (1997)
Errol Jerome EMORY, Appellant,
v.
FLORIDA FREEDOM NEWSPAPERS, d/b/a The Tribune and John Edward Hall, Appellees.
No. 95-3674.
District Court of Appeal of Florida, Fourth District.
January 2, 1997.
Rehearing and/or Reconsideration Denied March 6, 1997.
*847 Chet E. Weinbaum, Fort Pierce, for appellant.
Bradford L. Jefferson and Garrison M. Dundas of Brennan, Hayskar, Jefferson, Walker & Schwerer, P.A., Fort Pierce, for appellees.
STEVENSON, Judge.
This is an appeal from a jury verdict finding that the automobile collision at issue was not the legal cause of the appellant's injuries and awarding zero damages. Appellant cites the trial judge's refusal to give an intervening cause instruction as reversible error in light of testimony at trial regarding unnecessary medical treatment which may have worsened the appellant's condition. We agree and reverse.
On September 19, 1990, Errol Jerome Emory was rear-ended by a vehicle driven by John Hall, an employee of Florida Freedom Newspapers. Following the police investigation of the accident, Emory drove himself to the emergency room where he was treated for neck and shoulder pain and released.
It was not until August of 1992 that Emory received any further treatment for neck or back injuries. Ultimately, Emory underwent back surgery. Then, in July of 1993, several months after the surgery, Emory filed suit against Florida Freedom seeking damages for injuries that allegedly were sustained as the result of the September 1990 automobile collision.
The trial took the form of a battle between medical experts as to the cause of Emory's injuries. Florida Freedom admitted that it was responsible for the negligence of its employee and that its employee had, in fact, been negligent. Thus, the only issue that went to the jury was that of legal causation. The jury returned a verdict finding that the automobile accident was not the legal cause of Emory's injuries and awarded zero damages.
Emory appeals the jury's verdict on numerous grounds, only one of which requires reversal. At trial, there was testimony by one of the medical experts that the surgery that Emory underwent was, in his opinion, unnecessary and may have worsened Emory's condition. Based upon the admission of this testimony at trial, Emory sought an intervening cause instruction. Florida Freedom's counsel objected, and the trial court sustained this objection, refusing to give the requested instruction. Under the facts of this case, we find that the trial judge erred in failing to give the intervening cause instruction.
In determining whether the failure to give a requested jury instruction is reversible error, this court must assess "whether ... there was a reasonable possibility that the jury could have been misled by the failure to give the instruction." Banks ex rel. Banks v. Hospital Corp. of America, 566 So.2d 544, 545 (Fla. 4th DCA 1990), review denied, 577 So.2d 1326 (Fla.1991) (citation omitted). The question presented by this appeal is whether the jury was adequately instructed as to the effect of a third party's exacerbation of the plaintiff's injuries on Florida Freedom's liability.
The law is well-settled that the initial tortfeasor may also be held liable for subsequent injuries caused by the negligence of health care providers.
Where one who has suffered personal injuries by reason of the negligence of another exercises reasonable care in securing the services of a competent physician or surgeon, and in following his advice and instructions, and his injuries are thereafter aggravated or increased by the negligence, mistake, or lack of skill of such physician or surgeon, the law regards the negligence of the wrongdoer in causing the original injury as the proximate cause of the damages flowing from the subsequent negligent or unskillful treatment thereof, and holds him liable therefor.
Stuart v. Hertz Corp., 351 So.2d 703, 707 (Fla.1977)(citing Texas & Pacific Ry. v. Hill, 237 U.S. 208, 214-15, 35 S.Ct. 575, 577-78, 59 L.Ed. 918 (1915)); see also Rucks v. Pushman, 541 So.2d 673 (Fla. 5th DCA), review *848 denied, 549 So.2d 1014 (Fla.1989). Thus, if Emory's surgery was negligently or unskillfully performed and served only to worsen or aggravate his condition, then Florida Freedom would also be responsible for the aggravation of injury. The fact that Emory received negligent medical treatment would not serve to cut off the liability of Florida Freedom.
While the jury was given both the standard "but for" and the concurring cause instructions with respect to the issue of causation, neither of these addresses the impact of acts occurring after the original negligence. See Fla. Std. Jury Instr.(Civ.) 5.1a, 5.1b. The standard intervening cause instruction provides that
Negligence may also be a legal cause of loss, injury, or damage, even though it operates in combination with the act of another ... occurring after the negligence occurs if such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such loss, injury, or damage....
Fla. Std. Jury Instr. (Civ.) 5.1c (emphasis added).
Here, the jury was not instructed as to the effect of actions taken by a third party following the original negligence. Absent such an instruction, the jury may have erroneously concluded that the surgery was a substantial cause of Emory's injuries which served to sever the causal link between Emory's injuries and the automobile accident, for which Florida Freedom was admittedly responsible.
Our conclusion here is supported by the result in a case with strikingly similar facts decided by the First District Court of Appeal. In Dungan v. Ford, 632 So.2d 159, 160 (Fla. 1st DCA), review denied, 641 So.2d 1347 (Fla.1994), the jury returned a verdict finding that the defendant was not the legal cause of Mary Jo Dungan's injuries and denying her recovery. On appeal, the appellant cited as error both the admission of expert medical testimony regarding the "inappropriate" medical treatment she received and the trial judge's refusal to give a special jury instruction which explained that the original tortfeasor would also be liable for aggravation of injury resulting from negligent medical care. Id.
The first district found "somewhat disingenuous" the defendant's argument that testimony regarding the "inappropriate" nature of Dungan's treatment was directed solely to the issue of whether such treatment was reasonable and necessary and, thus, compensable. The court emphasized that the reasonableness and necessity of medical treatment is to be determined from the point of view of the injured party. Id. at 163 (citing Garrett v. Morris Kirschman & Co., 336 So.2d 566 (Fla.1976); Albertson's, Inc. v. Brady, 475 So.2d 986 (Fla. 2d DCA 1985), review denied, 486 So.2d 595 (Fla.1986)). The court then held that the admission of this medical testimony coupled with the trial court's failure to instruct the jury on how to deal with the same was reversible error. Id. at 164.
Similarly, during the trial below, the jury was presented with testimony regarding the "unnecessary" nature of Emory's medical treatment. Despite Florida Freedom's argument to the court that this testimony was only evidence that the cost of such treatment was unnecessary and, therefore, not compensable, the testimony also served to shift the blame for the injuries from Florida Freedom to Emory's surgeon. The jury was then left without any instruction as to how to treat this evidence of subsequent injury. Therefore, in accordance with the result in Dungan, we find that the admission of this testimony, in the absence of a jury instruction addressing the issue, created a reasonable possibility that the jury was indeed misled. We, therefore, reverse the final judgment and remand for a new trial.
Having reversed the underlying judgment, we also reverse the trial court's award of attorney's fees and costs to Florida Freedom as the statutory basis for the award of fees and costs is dependent upon the judgment obtained by the plaintiff. See § 768.79, Fla. Stat. (1989).
REVERSED and REMANDED.
STONE and WARNER, JJ., concur.