698 So.2d 1326 (1997)
Wilbert SANCHEZ and Emily Sanchez, his wife, Appellants,
v.
HUSSEY SEATING COMPANY, a foreign corporation, Appellee.
No. 96-4860.
District Court of Appeal of Florida, First District.
September 12, 1997.
*1327 Scott M. Sandler, Coconut Grove; Robert J. Beckham of Holland & Knight, Jacksonville; Louis K. Rosenbloum, Pensacola, for Appellants.
Marjorie M. Cain and J. Craig Knox of Fuller, Johnson & Farrell, P.A., Tallahassee, for Appellee.
PER CURIAM.
Wilbert and Emily Sanchez appeal an adverse final judgment in their negligence and strict liability action against Hussey Seating Company. Wilbert Sanchez was injured when, while playing table tennis, he came into contact with the exposed rear steel supports of a portable bleacher system manufactured by Hussey, which the owner was storing with the rear supports exposed contrary to the recommendations of the manufacturer's representative. Appellants argue that reversible error occurred when, at trial, the trial court denied their request to amend Florida Standard Jury Instruction (Civ.) PL 5[1] by inserting the words "or bystander," or alternatively, "or person likely to be in the vicinity of the product," after the word "user" in the second paragraph of the instruction. We find no reversible error and affirm.
In West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla.1976), the supreme court made it clear that the doctrine of strict liability applied to injuries to foreseeable bystanders as well as a user of the product. Specifically, the court held:
We therefore hold that a manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being. This doctrine of strict liability applies when harm befalls a foreseeable bystander who comes within range of the danger.
Id. at 92.
We agree with appellants that the subject Florida Standard Jury Instruction as written might be misleading in the event a defendant-manufacturer argued to the jury that an injured bystander or other foreseeable member of the public within the vicinity of the defendant's product could not recover under strict liability because the plaintiff was not a "user" of the defective product. That circumstance is not present in this case, however.
Here, Hussey did not make Sanchez's status as a "user" an issue before the jury. No one argued that Sanchez should be denied recovery because he was not a "user" of the bleachers when he was injured. Instead, it is clear from the record that the case turned *1328 on the question of whether the product was used as intended by the manufacturer or as reasonably foreseeable by the manufacturer.
Decisions regarding jury instructions rest within the sound discretion of the trial court, and reversible error is committed when jury instructions are "`reasonably calculated to confuse or mislead' the jury." Goldschmidt v. Holman, 571 So.2d 422, 425 (Fla.1990), quoting Florida Power & Light Co. v. McCollum, 140 So.2d 569 (Fla.1962). After a thorough review of the entire record, because the requested instruction did not relate to an issue presented to the jury, we are satisfied that there was no "reasonable possibility that the jury could have been misled by the failure to give the instruction." Goldschmidt, 571 So.2d at 425; see Emory v. Florida Freedom Newspapers, 687 So.2d 846, 847 (Fla. 4th DCA 1997).
AFFIRMED.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.
NOTES
[1] Hussey's requested jury instruction number six, which was given by the trial court, was taken verbatim from Florida Standard Jury Instruction (Civ.) PL 5:

The issue for your determination on the strict liability claim of the Plaintiffs, WILBERT SANCHEZ and EMILY SANCHEZ, his wife, against Defendant, HUSSEY SEATING COMPANY, is whether the telescopic bleacher, model 2000, sold by HUSSEY SEATING COMPANY, was defective when it left the possession of HUSSEY SEATING COMPANY and, if so, whether such defect was a legal cause of injury or damage sustained by the Plaintiffs, WILBERT SANCHEZ and EMILY SANCHEZ, his wife.
A product is defective if by reason of its design the product is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.
A product is unreasonably dangerous because of its design if the product fails to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer or the risk of danger in the design outweighs the benefits.
(emphasis supplied).