700 So.2d 451 (1997)
Regla HERNANDEZ, Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Appellee.
No. 96-0989.
District Court of Appeal of Florida, Fourth District.
October 22, 1997.
*452 Kenneth R. Drake of Smith, Demahy, Drake, Cozad & Cabeza, P.A., Miami, for appellant.
Thomas T. Grimmett and P.D. Sabourin of Law Offices of Thomas T. Grimmett, P.A., Fort Lauderdale, for appellee.
POLEN, Judge.
The counter-plaintiff in an automobile accident case, Regla Hernandez, appeals several rulings by the trial court which allowed the police officer on the scene to testify that Hernandez failed to yield the right of way (i.e., she got a ticket), allowed the defendant, State Farm's attorneys to bring out that Hernandez was originally a defendant in the case (who settled with her passenger), failed to give a concurring cause instruction, allowed State Farm to attack the credibility of her expert witness in closing, and also alleges cumulative error. We reverse on all but one point raised, and remand this case for a new trial.
The case began with a suit filed by Maureen Sherwood against Hernandez and State Farm for injuries arising out of the same automobile accident which is the subject matter of this appeal. Sherwood was a passenger in her own car, being driven by Hernandez, when the car struck another vehicle while exiting a parking garage. Hernandez filed a crossclaim against State Farm for uninsured motorist benefits, alleging the existence of unidentified or "phantom" drivers whose negligence she alleged caused the accident.
Ultimately, Sherwood settled her claim against Hernandez and State Farm, and an order of dismissal was entered as to her claim. The case proceeded to trial on Hernandez's crossclaim against State Farm. At trial, the officer at the scene, over objection, was permitted to testify as to her conclusions that Hernandez failed to yield the right of way. The court also allowed State Farm, during cross-examination of Hernandez, to elicit testimony that she had been sued in connection with this accident. During closing argument, State Farm also attacked the credibility of Dr. Cohen, Hernandez's expert witness, concerning the fees he received to testify at trial.
The jury returned a verdict in favor of State Farm. Hernandez timely filed a motion for new trial, which was denied. This appeal followed.

I
Hernandez argues that the court should not have allowed the officer to testify that she had concluded that Hernandez failed to yield the right of way. We agree. A jury should not be informed of the investigating officer's determination of who caused the accident and who was cited. See Lindos Rent A Car v. Standley, 590 So.2d 1114 (Fla. 4th DCA 1991)(granting a new trial where officer in a case involving an automobile accident testified that no citations were issued); Royal Indemnity Co. v. Muscato, 305 So.2d 228 (Fla. 4th DCA 1974)(holding that an inquiry into whether the defendant received a traffic citation with respect to the accident at issue in a negligence action constitutes prejudicial error). In this regard, we do not find State Farm's argument persuasive that error did not occur either because the officer did not directly mention that any citation was issued, or because the testimony was somewhat elicited by questions posed by Hernandez's attorney. (Her attorney had asked the officer whether visibility of the vehicles exiting the garage was a factual cause of the accident.) Florida law is well-settled that conclusions of an officer even suggesting that a driver has been charged with a traffic violation in connection with an accident constitute prejudicial error. See Spanagel v. Love, 585 So.2d 317 (Fla. 5th DCA 1991)(statement by police officer that there was no improper driving on the part of the defendant motorist required a new trial, as statement equated to a declaration by the police officer that no traffic summons had been issued in the case); Albertson v. Stark, 294 So.2d 698, 699 (Fla. 4th DCA 1974)(holding that "to the average juror the decision of the investigating police officer, i.e., whether to charge one driver or the other with a traffic violation based upon the result of his investigation, is very material to, *453 if not wholly dispositive of, that juror's determination of fault on the part of the respective drivers").

II
Hernandez next claims that the trial court erred in permitting State Farm to bring out during cross-examination that she had been sued by her passenger in connection with this accident. We find this testimony could reasonably have inflamed the jury and/or led it to conclude that Hernandez was the cause of the accident. See Ellis v. Weisbrot, 550 So.2d 15 (Fla. 3d DCA 1989)(holding that a jury may not be informed that a witness was a prior defendant, even if settlement had occurred); Taylor Imported Motors, Inc. v. Armstrong, 391 So.2d 786 (Fla. 4th DCA 1980)(holding, in a negligence action involving an automobile accident, admission of testimony that one of the parties had entered in a settlement with a third party constituted reversible error). As we find admission of this testimony prejudicial, we reverse on this basis.

III
Hernandez also contends that the court committed reversible error in failing to instruct the jury on concurring cause. The standard jury instruction on concurring cause reads:
In order to be regarded as a legal cause of loss, injury or damage, negligence need not be the only cause. Negligence may be a legal cause of loss, injury or damage even though it operates in combination with the act of another, some natural cause or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such loss, injury or damage.
Standard Jury Instruction (civ.) 5.1(b).
The purpose of the concurring cause instruction is to inform the jury that the defendant is not excused from the consequences of his negligence by reason of some other cause concurring in time and contributing to the same damage. Little v. Miller, 311 So.2d 116 (Fla. 4th DCA 1975). The instruction is generally given when the facts, as viewed most favorably to the plaintiff, support the need for such an instruction, and where the failure to give the instruction may mislead the jury. Ruiz v. Cold Storage & Insulation Contractors, Inc., 306 So.2d 153 (Fla. 2d DCA 1975). The trial court's refusal to give a concurring cause instruction in Ruiz was error because the jury could have reasonably concluded, absent such instruction, that it must return a verdict for the more negligent of the two negligent drivers involved in the collision. Id., 306 So.2d at 154. We believe that Ruiz is applicable to the facts at bar, and on retrial, if requested, the concurring cause instruction must be given.

IV
Finally, we do not find persuasive Hernandez's argument that reversible error occurred when the court permitted State Farm's counsel to attack the credibility of Dr. Cohen during closing argument. The record indicates that these comments were fair and expected in light of Dr. Cohen's testimony. As the jury was free to accept the suggestion as to his credibility or ignore it, we do not believe that, on this basis alone, Hernandez was deprived of a fair trial.
REVERSED and REMANDED for a new trial in accordance with this opinion.
WARNER and GROSS, JJ., concur.