TAYLOR, J.
Appellant Paulette Doubek sued appel-lee, Wal-Mart Stores, Inc. (‘Wal-Mart”), for injuries she sustained in one of appel-lee’s stores. A Wal-Mart stockman, who had climbed upon a ladder to retrieve a 13 inch television stacked on an overhead riser, slipped while descending the ladder and dropped the television on Mrs. Dou-bek’s head. Plaintiffs husband, Anthony Doubek, sought damages for loss of consortium.
A jury returned a verdict finding that Wal-Mart was negligent, but apportioned 5% negligence to Wal-Mart and 95% negligence to Mrs. Doubek. We find from the record no evidence that Mrs. Doubek did anything to cause or contribute to the Wal-Mart accident. We conclude, therefore, that the trial court erred in failing to direct a verdict in plaintiffs favor on Wal-Mart’s affirmative defense of comparative negligence.
We also find error in the trial court’s refusal to give a requested intervening cause instruction, i.e., that the original tortfeasor is liable for any aggravation of the plaintiffs injuries caused by subsequent medical treatment for those injuries. At trial, Wal-Mart opposed the instruction, arguing that because the plaintiff, in violation of an in limine order, had improperly placed evidence of subsequent *349 medical negligence before the jury, she was not entitled to the instruction.
It is well-settled in Florida that when evidence is presented that the plaintiffs injuries are the result of inappropriate medical treatment, the jury must be instructed that the original tortfeasor is liable for any aggravation of the plaintiffs injuries caused by subsequent medical treatment for those injuries. See Stuart v. Hertz Corp., 351 So.2d 703, 707 (Fla.1977); Emory v. Fla. Freedom Neivspapers, 687 So.2d 846, 847-48 (Fla. 4th DCA 1997); Dungan v. Ford, 632 So.2d 159, 160 (Fla. 1st DCA 1994). Even if, as Wal-Mart argued, plaintiffs counsel “opened the door” to such evidence, the evidence was before the jury, and the jury should have been properly instructed on the law that applied to that evidence.
Accordingly, we reverse on both points and remand for a new trial on liability and damages. We need not decide the remaining points on appeal in light of our reversal.
REVERSED and REMANDED for proceedings consistent with this opinion.
FARMER, J., and MAY, MELANIE G., Associate Judge, concur.