PER CURIAM.
Appellant, Michael Gray, appeals a final judgment entered for Appellees following a jury trial, raising five issues on appeal. Because we must reverse and remand for a new trial on Appellant’s first issue, whether the trial court erred in failing to instruct the jury on concurring cause, we decline to address the remaining four issues. Appellees raise one issue on cross-appeal, which is moot in light of our decision.
On July 16, 2003, Appellant was working on a road construction project for Anderson Columbia, Inc. Appellee, Adams Grading and Trucking, Inc., was a subcontractor and provided dump trucks. One of the dump trucks, driven by Appellee John Bloodsworth, ran over Appellant’s foot as Appellant knelt down to lay a string-line. Co-workers pulled Appellant from underneath the dump truck, but Appellant’s foot was permanently damaged.
In his complaint, Appellant alleged that Mr. Bloodsworth negligently moved his truck during a period when work was stopped on the project to allow Appellant to lay a string-line. At trial, Appellees argued that Anderson Columbia caused Appellant’s injury because it instructed him where to stand, it did not have an *507 adequate number of people working on the construction site, and its superintendent instructed Mr. Bloodsworth to back up his truck. Appellees presented expert witness testimony of a traffic reconstructionist to support this theory.
During the charge conference, Appellant requested the court to instruct the jury on concurring cause by giving Standard Jury Instruction 5.1(b)[1]. The trial court declined to give the instruction, stating that no cause other than negligence had occurred. The jury returned a verdict in favor of Appellees, finding no negligence on the part of Mr. Bloodsworth, which was a legal cause of any loss, damage or injury to Appellant.
Appellant moved for a judgment notwithstanding the verdict and/or a new trial. Arguing that the trial court erred when it refused to instruct the jury as requested, Appellant stated that the evidence supported giving the instruction and that the jury might have been misled by the court’s failure to give the instruction. The court denied Appellant’s motion, but admitted that it erred in finding that the “other cause” referred to in instruction 5.1(b) was a cause other than negligence, i.e., an act of God. Although admitting error, the court remained convinced that it properly denied Appellant’s request for a concurring cause instruction, stating that the jury was not misled because the other instructions given did not permit it to decide the ease based on which party was more negligent.
Decisions regarding jury instructions are reviewed under an abuse of discretion standard. Golian v. Wollschlager, D.M.D., 893 So.2d 666, 667 (Fla. 1st DCA 2005). When a plaintiff requests a concurring cause instruction, the court commits reversible error if “[f]irst, the facts as viewed most favorably to the plaintiff support the need for such an instruction, and second, the failure to give the instruction may mislead the jury.” Roby v. Kingsley, 492 So.2d 789, 791 (Fla. 1st DCA 1986).
In Little v. Miller, 311 So.2d 116 (Fla. 4th DCA 1975), the Fourth District held that the trial court erred when it denied the appellant’s request to give a concurrent cause instruction, reasoning that the facts were in dispute, and depending on which set of facts the jury believed, any one of three drivers, or some combination thereof, could have been negligent and liable for the resulting car accident. Id. at 117, 119. Similarly, disputed facts were present here and, depending on which set of facts the jury believed, either Appellees or Anderson Columbia, or some combination of their actions, could have caused Appellant’s injury.
“[RJeversible error is committed when jury instructions are ‘reasonably calculated to confuse or mislead’ the jury.” Sanchez v. Hussey Seating Co., 698 So.2d 1326, 1328 (Fla. 1st DCA 1997) (citations omitted). To determine whether a jury was properly instructed, the reviewing court must examine the instructions as a whole. Grimm v. Prudence Mut. Cas. Co., 243 So.2d 140, 143 (Fla.1971). “[I]f the jury instructions as a whole fairly state the applicable law, failure to give a particular instruction does not constitute error.” Barbour v. Brinker Fla., Inc., 801 So.2d *508 953, 959 (Fla. 5th DCA 2001) (citations omitted).
When viewing the jury instructions given as a whole, we conclude that the trial court’s failure to instruct the jury on concurring cause may have misled the jury. See Roby, 492 So.2d at 792. “The purpose of the concurring cause instruction is to negate the idea that a defendant is excused from the consequences of his negligence by reason of some other cause concurring in time and contributing to the same damage.” Id. at 791. Standard Jury Instruction 5.1(a),[2] which was read to the jury, does not address concurring cause and, when given alone, may lead a jury to conclude that a defendant is only liable when his negligence is the sole cause of the injury. Marinelli v. Grace, 608 So.2d 833, 834 (Fla. 4th DCA 1992). In addition, the trial court’s instructions on apportioning damages do not sufficiently address concurring cause. See id. (“the instruction on assessing damages, standing alone, is patently insufficient protection against the risk of confusion arising by a failure to give the concurring cause instruction”).
Appellant was not required to prove that Mr. Bloodsworth’s negligence was the sole cause of his injury, only that Mr. Bloods-worth’s action was one cause of his injury. Based on the “but for” language contained in Standard Jury Instruction 5.1(a), the jury very easily could have been misled, concluding that both Mr. Bloodsworth and Anderson Columbia were negligent, but that Anderson Columbia was more negligent, thus relieving Mr. Bloodsworth and Adams Grading and Trucking of liability. Giving Standard Jury Instruction 5.1(b) would have corrected any erroneous belief on the jury’s part that it must decide the case based on which party was more negligent. See Roby, 492 So.2d at 792. Accordingly, we reverse and remand for a new trial.
We write to address one additional issue raised by Appellant which may become an issue again during a new trial. At trial, Appellees’ traffic reconstruction expert witness testified that Anderson Columbia was solely liable for Appellant’s injury. His opinion was based, in part, on his determination that Appellant should have heard Mr. Bloodsworth reversing the dump truck due to the decibel level of the truck, and he testified extensively on various decibel levels; however, he is not a sound engineer and never tested Appellant’s hearing ability. Appellant requested an opportunity to voir dire Appellees’ expert on his sound expertise, but the trial court denied the request, stating that Appellant could address this issue during cross-examination.
While we sympathize with Appellant’s frustration at the lack of foundation for this expert witness’s opinion on decibel levels and the denial of his request to conduct a voir dire of the expert witness on his opinion, we find that Appellant failed to preserve his objection to the sound testimony. Appellant argued generally in his motion in limine that the expert’s numerous opinions invaded the province of the jury and that the expert’s testimony should not be admitted because he was a traffic reconstructionist with no knowledge or experience in construction site safety. Appellant did not, however, contemporaneously object to the expert *509 witness’s testimony regarding decibel levels or move to strike it at the conclusion of the testimony; therefore, we cannot address this issue on appeal. See Nordyne, Inc. v. Fla. Mobile Home Supply, 625 So.2d 1283, 1286 (Fla. 1st DCA 1993).
REVERSED and REMANDED with instructions consistent with this opinion.
BROWNING, C.J., and KAHN and POLSTON, JJ., concur.

. Standard Jury Instruction 5.1(b) states:
In order to be regarded as a legal cause of Doss] [injury] [or] [damage], negligence need not be the only cause. Negligence may be a legal cause of Doss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such [loss] [injury] [or] [damage].

. Standard Jury Instruction 5.1(a) states:
Negligence is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the negligence, the [loss] [injury] [or] [damage] would not have occurred.