POLSTON, J.,
dissenting.
I respectfully dissent. Unlike the majority, I do not believe that sections 90.408 and 768.041, Florida Statutes (2006), prohibit the admission of evidence of settlement or dismissal of a defendant when such evidence is offered to demonstrate that a witness is biased or prejudiced. As Professor Ehrhardt explains,
Evidence of prior settlements or offers to compromise is admissible to impeach a witness or to show the witness is biased or prejudiced. In Dosdourian v. Carsten[, 624 So.2d 241 (Fla.1993),] the court imposed an affirmative obligation to admit evidence that a defendant remaining in the action had settled the matter so that the jury was aware of the motivations, interest, and position of the settling party. Although sections 46.015 and 768.041(3) of the Florida Statutes contain broad language prohibiting any admissibility of evidence of a release or settlement which was earlier construed to bar evidence of a settle *1090 ment offered to prove bias or interest of the witness, the Florida Supreme Court implicitly overruled those cases in Dos-dourian.
Charles W. Ehrhardt, Florida Evidence, § 408.1, at 308-09 (2008) (footnotes omitted).
More specifically, section 90.408, Florida Statutes (2006), provides:
Evidence of an offer to compromise a claim which was disputed as to validity or amount, as well as any relevant conduct or statements made in negotiations concerning a compromise, is inadmissible to prove liability or absence of liability for the claim or its value.
(Emphasis added.) Thus, the plain language of section 90.408 prohibits the admission of evidence of compromises and offers of compromise only when such evidence is offered “to prove liability or absence of liability for the claim or its value.” § 90.408, Fla. Stat. And, under Florida’s Evidence Code and this Court’s precedent, evidence that is inadmissible when offered for one purpose may be admissible when offered for a different purpose. See § 90.107, Fla. Stat. (2006) (“When evidence that is admissible as to one party or for one purpose, but inadmissible as to another party or for another purpose, is admitted, the court, upon request, shall restrict such evidence to its proper scope and so inform the jury at the time it is admitted.”); Breedlove v. State, 413 So.2d 1, 6 (Fla.1982) (“Merely because a statement is not admissible for one purpose does not mean it is inadmissible for another purpose.”). Therefore, while evidence of a settlement is inadmissible to prove liability or the value of a claim pursuant to section 90.408, such evidence is admissible for other purposes, such as to prove the bias or prejudice of a witness. See Bankers Trust Co. v. Basciano, 960 So.2d 773, 780 (Fla. 5th DCA 2007) (“If the evidence is offered for another purpose, the evidence is not barred by section 90.408 and will be admissible if it is relevant to prove a material fact or issue, subject to section 90.403.”); Wolowitz v. Thoroughbred Motors, Inc., 765 So.2d 920, 925 (Fla. 2d DCA 2000) (“Section 90.408 excludes evidence of settlement negotiations only when the evidence is offered to prove liability, the absence of liability, or value. Thus, evidence of settlement negotiations is admissible to establish other relevant facts.”); see also Agan v. Katzman & Korr, P.A., 328 F.Supp.2d 1363 (S.D.Fla.2004) (holding that settlement documents were admissible under both section 90.408 and Federal Rule of Evidence 408 because the documents were offered not to establish liability, but to establish violation of consumer credit laws).[8] “The concept of limited admissibility applies to evidence of settlement and compromise negotiations.” Ehrhardt, § 408.1, at 309.
In contrast to section 90.408, section 768.041 includes a more general prohibition against admitting evidence of a settlement. Specifically, section 768.041(3), Florida Statutes (2006), provides that “[t]he fact of such a release or covenant not to sue, or that any defendant has been *1091 dismissed by order of the court shall not be made known to the jury.” However, this Court in Dosdourian, 624 So.2d at 247, expressly rejected the argument that section 768.041(3) prohibited the jury from knowing that a plaintiff had settled his claim against one of the defendants while that defendant remained in the litigation. In Dosdomian, the plaintiff introduced the settling defendant’s deposition at trial, a deposition which had been taken before any settlement was reached. Dosdourian, 624 So.2d at 242. And this Court determined that “the jury was entitled to weigh the [settling] codefendant’s actions in light of its knowledge that such a settlement has been reached.” Id. at 247 n. 4. Thus, this Court in Dosdomian held that an exception to the general prohibition of section 768.041(3) exists when the otherwise inadmissible evidence is offered to prove bias or prejudice.
In light of the above, I would conclude that sections 90.408 and 768.041(3) do not prohibit the admission of evidence of a settlement or dismissal of a defendant when such evidence is offered to prove a witness’s bias or prejudice. Accordingly, I would approve the Fourth District’s decision in Saleeby v. Rocky Elson Construction, Inc., 965 So.2d 211 (Fla. 4th DCA 2007), and disapprove the Third District’s decision in Ellis v. Weisbrot, 550 So.2d 15 (Fla. 3d DCA 1989). Thus, I respectfully dissent.
WELLS, J., concurs.

. The similar federal evidentiary rule explains that the prohibition against admitting evidence of compromises or offers to compromise when offered to prove liability does not prohibit the admission of such evidence when offered to prove a witness is biased or prejudiced. Fed.R.Evid. 408(b) (“This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.”); see also Reichenbach v. Smith, 528 F.2d 1072, 1075 (5th Cir.1976) (emphasizing that rule 408 prohibits evidence of a compromise to prove liability, but does not prohibit such evidence to prove the bias or prejudice of a witness).