PALMER, J.
Atlántica One, LLC (Atlántica) appeals the final judgment entered by the trial court, following a jury verdict, in favor of Joseph and Mary Lou Adragna. We affirm, but write to address one issue raised by Atlántica.
Atlántica filed the instant lawsuit alleging that the Adragnas committed fraud in the inducement, breach of contract, and negligent misrepresentation in connection with Atlantica’s purchase of the Adragnas’ house. The complaint alleged that the Adragnas knew of facts that materially affected the value of the property, failed to disclose such facts, and provided false statements on a Seller’s Disclosure and Latent Defects Statement. The jury entered a verdict against Atlántica, and judgment was entered in favor of the Adrag-nas.
Atlántica contends that the judgment must be reversed because the trial court erred by giving an incorrect jury instruction on its breach of contract claim. We disagree.
“ ‘Trial courts are generally accorded broad discretion in formulating jury instructions,’ and such decision ‘should not be disturbed on appeal absent prejudicial error.’ ” R.J. Reynolds Tobacco Co. v. Ciccone, 123 So.3d 604, 614-15 (Fla. 4th DCA 2013) (quoting Barbour v. Brinker Fla., Inc., 801 So.2d 953, 959 (Fla. 5th DCA 2001)); Rucker v. Garlock, Inc., 672 So.2d 100, 101 (Fla. 3d DCA 1996)(“ ‘[I]f the jury instructions as a whole fairly state the applicable law, failure to give a particular instruction does not constitute error.’ ”), Gray v. Adams Grading & Trucking, Inc., 956 So.2d 505, 507-08 (Fla. 1st DCA 2007) (quoting Barbour, 801 So.2d at 959).
The following standard jury instruction on breach of contract was proffered to the trial court during the jury charge conference:
416.4 BREACH OF CONTRACT-ESSENTIAL FACTUAL ELEMENTS
*91 To recover damages from (defendant) for breach of contract, (claimant) must prove all of the following:
1. (Claimant) and (defendant) entered into a contract;
2. (Claimant) did all, or substantially all, of the essential things which the contract required [him][her][it] to do [or that [he][she][it] was excused from doing those things;]
3. [All conditions required by the contract for (defendant’s) performance had occurred;]
4. [ (Defendant) failed to do something essential which the contract required [him][her][it] to do] [ (Defendant) did something which the contract prohibited [him][her][it] from doing and that prohibition was to the contract]; and

Note: If the allegation is that the defendant breached the contract by doing something that the contract prohibited, use the second option.

5. (Claimant) was harmed by that failure.
However, the trial court issued the following non-standard jury instruction:
On the Plaintiffs claim for breach of contract, you should consider the following.
The Plaintiff claims that it and the Defendants entered into a contract for the sale of [the] home. The Plaintiff claims that the Defendants breached this contract by knowingly not disclosing a defect in the home that materially affected the value of the home, and that the breach resulted in damages to the Plaintiff. The Defendants deny they knowingly failed to disclose.
The Defendants had a duty under the contract to disclose known defects in the home that materially affected the value of the home.
Atlántica contends that the trial court erroneously grounded its decision for deviating from the standard jury instruction on the principles articulated in Johnson v. Davis, 480 So.2d 625 (Fla.1985), because the issue before the Johnson Court was the tort of fraudulent nondisclosure, not breach of contract.
The instant residential contract contained the following provision:
7. REAL PROPERTY DISCLOSURES: Seller represents that Seller does not know of any facts that materially affect the value of the Property, including but not limited to violations of governmental laws, rules, and regulations, other than those that Buyer can readily observe or that are unknown by or have been disclosed to Buyer.
The Seller’s Disclosure and Latent Defects Statement provided the following:

NOTICE TO SELLER

In Florida, each Seller is obligated to disclose to the buyer all facts known to Seller that materially and adversely affect the value of the property being sold which are not readily observable [to the] buyer. The disclosure statement is designed to assist Seller in complying with disclosure requirements and to assist Buyer in evaluating the property considered. The listing real estate broker(s) and cooperating broker(s) will also rely upon this information when they evaluate the market and present your property to prospective buyers.
These provisions imposed a duty on the Adragnas to disclose all known facts that materially affected the value of the property being sold. The language in the jury instruction given by the trial court tracks with the language in the contractual provisions. In fact, Atlantica’s complaint quoted those provisions. Further, under its claim for breach of contract, Atlántica asserted similar language:
*92 35. The ADRAGNAS breached the contract by failing to disclose that the house had latent defects that caused the failure of the foundation which had a material deleterious effect on the value of the house.
36. The ADRAGNAS breached the contract by falsely representing that they did not know any facts that materially affected the value of the property other than those that the buyer can readily observe or that are known or have been disclosed to buyer.
37. The ADRAGNAS had a contractual obligation to perform the contract, Exhibit “A”, in good faith and they breached the contract by failing to accurately complete the Seller’s Disclosure and Latent Defects Statement, Exhibit “B”, or otherwise disclose the history of the property concerning the foundation and retaining wall.
Although the given jury instruction tracked the language in Johnson, which is generally applicable to tort actions, the contract at issue in this case incorporated the same language and, as such, made that standard applicable to this particular contract. Since the instant jury instruction tracked the provisions of the contract, as well as the language in Atlantica’s complaint, we hold that Atlántica has failed to sustain its burden of proving reversible error in conjunction with the trial court’s jury instruction.
AFFIRMED.
ORFINGER, J. and TURNER, T.W., Associate Judge, concur.