440 So.2d 612 (1983)
LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant,
v.
Ricardo CEBALLOS, Appellee.
No. 83-1717.
District Court of Appeal of Florida, Third District.
November 8, 1983.
*613 Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and John W. Wylie and Roy Wasson, Miami, for appellant.
Richard & Pemsler and Barry Pemsler, Miami, for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
Lumbermens Mutual Casualty Company appeals the entry of an adverse partial summary judgment determining the issue of its liability to the insured, Ceballos, as well as the denial of its countermotion for summary judgment. The question presented for review is whether a liability insurance policy is governed by the law in effect at the time the policy is issued or by the law at the time a claim arises. The law in effect at the time the insurance contract was executed controls. We reverse.
Under section 627.739, Florida Statutes (1975) [in effect when the policy was issued], an insured could purchase deductible PIP benefits at his option. No duty to inquire into the existence of collateral insurance was imposed on the insurance company. This statute was amended, effective September 1, 1977. As amended, an insurance company which failed to advise a purchaser of deductible PIP benefits of the need for collateral insurance would be liable as if there were no deductible. Kwechin v. Industrial Fire & Casualty Co., 409 So.2d 28 (Fla. 3d DCA 1981).
Ceballos purchased personal injury protection insurance with a $2,000 deductible from Lumbermens before the amendment to section 627.739, Florida Statutes took effect. It is undisputed that the insurance company made no inquiry about additional insurance, and that Ceballos had no collateral coverage. Ceballos was injured after the effective date of the amendment.
An insurance policy is a contract. § 624.02, Fla. Stat. (1981). It is well settled in Florida that the statute in effect at the time the insurance contract is executed governs any issues arising under that contract. See Metropolitan Life Insurance Co. v. Fugate, 313 F.2d 788 (5th Cir.1963); Allison v. Imperial Casualty & Indemnity Co., 222 So.2d 254 (Fla. 4th DCA 1969); Poole v. Travelers Ins. Co., 130 Fla. 806, 179 So. 138 (1937). Applying section 627.739, Florida Statutes (1977) to contracts entered into before the statute was effective would constitute a legislative impairment of contract in violation of article I, section 10 of the Florida Constitution.
Ceballos urges us to expand the limited exception for worker's compensation insurance, under which insurance carriers providing such coverage are liable as statutorily prescribed at the date of the event giving rise to the claim. See, e.g., Simmons v. City of Coral Gables, 186 So.2d 493 (Fla. 1966). We reject this argument. Insurance companies providing worker's compensation insurance know that employers have a special duty to their employees and that worker's compensation benefits are therefore determined by the law in effect at the date of the event creating a claim. There was no comparable special duty on an insurance carrier providing PIP insurance prior to the effective date of the amended section 627.739, Florida Statutes.
Reversed with directions to enter judgment in favor of Lumbermens Mutual Casualty Company.