528 So.2d 480 (1988)
AETNA CASUALTY AND SURETY COMPANY, Subrogee of Dolphin Knitting Mills, Inc., et al., Appellants,
v.
SEACOAST TRANSPORTATION COMPANY, Etc., et al., Appellees.
No. 87-15.
District Court of Appeal of Florida, Third District.
July 12, 1988.
Adolfo Del Castillo, Miami, for appellants.
Daniels & Hicks and Patrice A. Talisman, Leesfield & Blackburn, Miami, for appellees.
Before SCHWARTZ, C.J.,[*] and HUBBART and BASKIN, JJ.
PER CURIAM.
Aetna Casualty & Surety Company, a subrogee of Dolphin Knitting Mills, and Steven Mishan, trustee in bankruptcy for the estate of Dolphin Knitting Mills [Dolphin], appeal from a final judgment in favor of Seacoast Transportation Company, its driver, Duane Sinquefield, and Liberty Mutual Insurance Company [Seacoast].
In the course of moving a tractor-trailer into one of Dolphin's loading bays, a Seacoast driver damaged an overhanging *481 sprinkler pipe, causing water to spray into the Dolphin warehouse. Dolphin instituted an action charging Seacoast with negligence. Seacoast responded, stating that there had been ample clearance between the truck and the sprinkler head. It maintained that the clearance demonstrated that it had not been negligent and that any negligence that occurred was attributable to the Dolphin employee who guided the truck into the bay. The case went to trial and culminated in a jury verdict in favor of Seacoast. This appeal ensued. We affirm.
Dolphin's first point is that the trial court erred in failing to conduct the charge conference prior to proceeding with the attorneys' final arguments to the jury.[1] As a result, it maintains, Seacoast's attorney's argument incorrectly stated that Dolphin's employee was contributorily negligent in guiding the truck. Under the doctrine of contributory negligence, Dolphin would not be entitled to recover any damages.
As to this first point, we find no prejudicial error. Although the court conducted the charge conference after final arguments had been completed instead of at the close of evidence as provided in Florida Rule of Civil Procedure 1.470(b), Seacoast's summation did not contain a contributory negligence theory. Rather, Seacoast asserted that its driver was not negligent and that the only negligence was that of Dolphin employee Sinquefield. Thus, Dolphin's claim of prejudice on that ground fails.
Next, Dolphin cites error in the trial court's giving an instruction on comparative negligence. We find no merit in its position. Dolphin requested the comparative negligence instruction, objecting only to its modification. The modification did not constitute a substantive change; it merely clarified the content of the instruction.[2] More significant, however, is the fact that the jury did not reach the issue of Dolphin's comparative negligence. The jury returned a special verdict finding no negligence on the part of Seacoast. Cf. Kinya v. Lifter, Inc., 489 So.2d 92 (Fla. 3d DCA) (failure to give concurring cause instruction harmless error where jury found defendant was not negligent and never reached comparative negligence issue), review denied, 496 So.2d 142 (Fla. 1986); McDaniel v. Prysi, 432 So.2d 174 (Fla. 2d DCA 1983) (no prejudice in personal injury action when court gave cautionary instruction pertaining to counsel's "per diem" jury argument on damages, in that jury never reached the issue). Thus, it is evident the jury did not address the question of Dolphin's comparative negligence and no error appears.
Finding no reversible error, we affirm.
NOTES
[*] Chief Judge Schwartz did not participate in oral argument.
[1] Fla.R.Civ.P. 1.470(b) provides:

(b) Instructions to Jury. Not later than at the close of the evidence, the parties shall file written requests that the court charge the jury on the law set forth in such requests. The court shall then require counsel to appear before it to settle the charges to be given. At such conference all objections shall be made and ruled upon and the court shall inform counsel of such general charges as it will give. No party may assign as error the giving of any charge unless he objects thereto at such time or the failure to give any charge unless he requested the same. The court shall charge the jury after the arguments are completed.
[2] The instruction given by the court provided:

On the defense, the issue for your determination is whether Dolphin or any agent or employee acting on Dolphin's behalf was itself negligent and, if so, whether such negligence was a contributing legal cause of the damages complained of.
If the greater weight of the evidence does not support the defense of Sinquefield, Seacoast and Liberty and the greater weight of the evidence does support the claim of Dolphin an Aetna, then your verdict should be for Dolphin an Aetna in the total amount of their damages.
If, however, the greater weight of the evidence shows that both Dolphin and its employees or its employees and Sinquefield were negligent, that the negligence of each contributed as a legal cause of losses and damages sustained by Dolphin and Aetna, you should determine what percentage of the total negligence of both Dolphin or its employee and Sinquefield is chargeable to each.
The underlined words were added for clarification.