655 So.2d 1217 (1995)
Randall DUTCHER, Appellant,
v.
ALLSTATE INSURANCE COMPANY, a Florida corporation, Appellee.
No. 94-0169.
District Court of Appeal of Florida, Fourth District.
May 24, 1995.
*1218 Dan Cytryn of the Law Offices of Dan Cytryn, P.A., Tamarac, for appellant.
R. Wade Adams and Mai-Ling E. Castillo of the Law Offices of Adams & Adams, Miami, for appellee.
KLEIN, Judge.
We reverse a finding by a jury that plaintiff suffered no permanent injury because we conclude that the trial court improperly limited plaintiff's treating chiropractor to testifying within a reasonable degree of "chiropractic" probability. We also conclude that defense counsel's statements denigrating chiropractors in general were improper, as well as the trial court's failure to instruct the jury on concurring cause.
When plaintiff's counsel asked plaintiff's treating chiropractor whether plaintiff had a permanent injury within a reasonable degree of medical probability, defense counsel objected, and the trial court required plaintiff's counsel to limit the question to reasonable chiropractic probability. The court instructed the jury, however, pursuant to section 627.737(2), Florida Statutes (1987), that they were to determine whether plaintiff sustained a "permanent injury within a reasonable degree of medical probability." The question was posed in the same manner on the form of verdict, and the jury answered the question in the negative.
In Horowitz v. American Motorist Ins. Co., 343 So.2d 1305 (Fla. 2d DCA 1977), the court was confronted with the issue of whether a chiropractor could give an opinion as to whether a claimant suffered a permanent injury under our no-fault insurance law. After pointing out that the no-fault statute does not exclude injured persons from being treated by chiropractors and does not limit the payment of medical expenses to medical doctors, the court held that a chiropractor could render an opinion as to permanency of injuries within a reasonable medical probability "where such injuries are to areas of the body within his permitted practice and his education, training and expertise." Id. at 1308. See also Fay v. Mincey, 454 So.2d 587 (Fla. 2d DCA 1984).
We agree with the second district that a chiropractor is qualified to testify as to whether a plaintiff has or has not suffered a permanent injury in a threshold case within a reasonable degree of medical probability. Limiting the chiropractor in this case to testifying within a "chiropractic probability" was prejudicial to plaintiff, because neither the statute, the jury instruction, nor the verdict contained that term. The chiropractor was plaintiff's treating physician, and the jury could well have concluded that only the defendants' medical doctors were qualified to testify on the issue of permanency within a reasonable degree of medical probability. As Judge Warner pointed out in Bohannon v. Thomas, 592 So.2d 1246, 1248 (Fla. 4th DCA 1992):
[I]nstead of clarifying things, allowing a dichotomy between medical or chiropractic probability would actually tend to confuse the issue.
The distinction the trial court made between a chiropractor and a physician played right into the hands of defense counsel's strategy of communicating to the jury his own opinion of all chiropractors as well as the lack of bias of the medical doctor testifying for the defendant.
In opening statement, defense counsel said:
Dr. Routman, you will hear  he would like you to think that Dr. Routman is in my hip pocket, but he's been in cases against me. He's a good doctor. He's not on any side. He calls it like it is, and I think you will see that for yourself.
In closing argument, defense counsel made the following statements:

*1219 I don't think there is a chiropractor that would ever stop someone from having more care.... Folks, asking a chiropractor to cut off another chiropractor is sort of like throwing kerosene on a fire.
As this court said in Bellsouth Human Resources Admin., Inc. v. Colatarci, 641 So.2d 427, 430 (Fla. 4th DCA 1994):
What other lawyers have done, what has occurred in other law suits, and what other corporations have done, are things which are clearly outside the bounds, [of proper argument], and reference to them directly violates the ethical rule.[1]
Similarly, references to what other chiropractors have done, when not supported by evidence, are also improper. Silva v. Nightingale, 619 So.2d 4 (Fla. 5th DCA 1993).
We also conclude that the trial court erred in denying plaintiff's request for Florida Standard Jury Instruction 5.1(b) on concurring cause. Although we find no cases passing directly on the issue of whether a concurring cause instruction should be given in a threshold case, we can think of no reason why it should not be given where plaintiff has a pre-existing injury which combines with the injury in the accident to produce a permanent injury.
In the present case, plaintiff had a pre-existing degenerative disc; however, the jury was only asked to determine whether he "... sustained an injury as a result of the incident complained of, which consists in whole or in part of a permanent injury, within a reasonable degree of medical probability." In the absence of an instruction on concurring cause, the jury could have been under the erroneous impression that the required permanent injury had to result solely from the accident. See e.g., Marinelli v. Grace, 608 So.2d 833 (Fla. 4th DCA 1992), holding that a concurring cause instruction is necessary where plaintiff's present condition could have resulted from a combination of plaintiff's pre-existing condition and defendant's negligence.
We therefore reverse and remand for a new trial.
GLICKSTEIN and STEVENSON, JJ., concur.
NOTES
[1] Florida Bar rule 4-3.4(e) provides that a lawyer shall not:

in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused.