727 So.2d 308 (1999)
Jeanette ESANCY, Appellant,
v.
Phyllis Tealatha HODGES and Government Employees Insurance Company, Appellees.
No. 97-05422.
District Court of Appeal of Florida, Second District.
February 17, 1999.
R. Kent Lilly, Lakeland, for Appellant.
Peter F. Nunes of Law Offices of Howard Weber, Tampa, for Appellee Government Employees Insurance Co., Tampa.
Steven C. Brown of Brown & Hewitt, P.A., Sebring, for Appellee Hodges.
CASANUEVA, Judge.
Following a final judgment on causation in favor of the defendants, Phyllis Tealatha Hodges and Government Employees Insurance *309 Company (GEICO), the plaintiff in this automobile negligence action, Jeanette Esancy, raises two issues: first, that the trial court erred in refusing her request for a concurring cause jury instruction based on her pre-existing back condition, and second, that the trial court erred by precluding reference to GEICO as her uninsured/underinsured motorist insurance carrier. Because we conclude that the first issue has merit, we reverse.
On June 2, 1995, a three car collision occurred on State Road 25 in Polk County, Florida. A vehicle operated and owned by Ms. Hodges collided with the rear of a vehicle operated by Shirley Hammond, which in turn, collided with the rear of a vehicle in which Ms. Esancy was a passenger. Ms. Esancy had in effect, at the time of the collision, a GEICO policy that provided her underinsured/uninsured motorist coverage.
At trial, Ms. Esancy sought damages for medical expenses, lost wages (past and future), bodily injury, bodily disability and/or disfigurement, pain and suffering, mental anguish, and loss of capacity for enjoyment of life (past and future). Her primary treating physician, Richard Hostler, M.D., testified that as a result of the accident of June 2, 1995, Ms. Esancy sustained a lumbar radiculopathy. In Dr. Hostler's opinion, Ms. Esancy's spinal condition prior to the accident rendered her more susceptible to an injury than the average person, and he concluded that Ms. Esancy's condition, following the collision, was either an aggravation of a preexisting condition or a permanent injury.
Pursuant to this testimony, Ms. Esancy requested instructions on concurrent causes, 5.1(b), Florida Standard Jury Instructions, and on aggravation of a pre-existing condition, 6.2(b), Florida Standard Jury Instructions. Although the trial court gave the latter instruction, it declined to give the former.
To determine whether the evidence mandated the concurrent cause instruction in this case, we turn first to proximate cause. Proximate cause analysis answers whether and to what extent the defendant's conduct did foreseeably and substantially cause the "specific injury that actually occurred." McCain v. Florida Power Corp., 593 So.2d 500, 502 (Fla.1992). Within the domain of proximate cause are concurring causes. Concurring causes have been defined as "two separate and distinct causes that operate contemporaneously to produce a single injury." Goldschmidt v. Holman, 571 So.2d 422, 424 (Fla. 1990). Injury may result when a pre-existing injury is further aggravated by another party's negligence. Thus, where a defendant's negligence acts in combination with a plaintiff's physical condition to produce an injury, the concurring cause instruction of 5.1(b) is mandated. See Marinelli v. Grace, 608 So.2d 833, 834 (Fla. 4th DCA 1992), Auster v. Gertrude and Philip Strax Breast Cancer Detection Institute, Inc., 649 So.2d 883 (Fla. 4th DCA 1995); Zigman v. Cline, 664 So.2d 968 (Fla. 4th DCA 1995).
Ms. Esancy was entitled to have the jury instructed on the law applicable to the issues raised by the evidence. See Ruiz v. Cold Storage and Insulation Contractors, Inc., 306 So.2d 153, 154 (Fla. 2d DCA 1975). We hold that the trial court erred in failing to instruct the jury on concurrent cause where the evidence revealed that the negligent operation of the defendant's motor vehicle combined with Ms. Esancy's pre-existing back condition to cause her injury. See Klipper v. Government Employees Ins. Co., 622 So.2d 1141, 1143 (Fla. 2d DCA 1993). The evidence at trial, although not overwhelming, nonetheless created the requirement that the instruction be given. See Zigman. As in Klipper, the omission of the concurring cause instruction could have misled the jury into believing that the pre-existing injury was the cause of her damages. Therefore, we reverse and remand for a new trial on liability and damages.
The second issue cannot be resolved as clearly. Ms. Esancy's uninsured/underinsured policy is not part of the appellate record. Without the policy, we are unable to discern the date that the contract was executed. Generally, the statute in effect at the time the insurance policy is executed governs those issues that arise under that contract. A corollary of this rule is that changes in statutes that occur between policy renewals cannot be incorporated into an insurance *310 policy without unconstitutionally impairing the obligation of the parties to the insurance contract. See Hassen v. State Farm Mut. Auto. Ins. Co., 674 So.2d 106 (Fla.1996); Yamaha Parts Distrib., Inc. v. Ehrman, 316 So.2d 557 (Fla.1975). We are unable to discern which version of section 627.727(6), Florida Statutes, applies to this case. Thus, we cannot determine whether the trial court's reference to GEICO as Ms. Esancy's "own insurance carrier" satisfies the rule of Government Employees Ins. Co. v. Krawzak, 675 So.2d 115, 117 (Fla.1996), that, under the 1991 version of section 627.726(6), a UM insurer who is lawfully sued and properly joined in a suit should be disclosed to the jury in its actual status as a party defendant. On remand, the trial court must revisit this issue.
Reversed and remanded for a new trial.
THREADGILL, A.C.J., and BLUE, J., Concur.