782 So.2d 896 (2001)
Linda THOMASON, and Daniel Thomason, etc., Appellants,
v.
Irmalenna GORDON, Appellee.
No. 5D00-4.
District Court of Appeal of Florida, Fifth District.
March 2, 2001.
Rehearing Denied April 24, 2001.
*897 David B. Falstad, of Gurney & Handley, P.A., Orlando, for Appellants.
Rutledge M. Bradford, of Thompson & Bradford, L.C., Maitland, and Elizabeth C. Wheeler, of Wheeler & Wilkinson, LLP, Orlando, for Appellee.
PER CURIAM.
Linda Thomason ["Thomason"] appeals a jury verdict in the amount of $5,013.19 entered in her favor in an automobile negligence action. Thomason contends the verdict is inadequate and that she was prejudiced at trial by certain errors of the trial court. We agree that the lower court erred in failing to conduct the jury charge conference prior to closing arguments and in failing to give a concurring charge instruction.
As soon as the defense rested its case, the court directed the parties to proceed to *898 closing arguments without first holding a charge conference. Thomason protested that she needed to know what law to argue to the jury and that she wanted to show the verdict form to the jury during closing. The judge explained that he had asked counsel to meet in advance to agree on the verdict form and instructions, and because, in his view, counsel had not done as instructed, the parties would have to close without the jury instructions and verdict form. The charge conference was held after closing arguments took place.
Although not expressly made mandatory, Rule of Civil Procedure 1.470(b) appears to contemplate that the conference on jury instructions will occur prior to closing arguments:
(b) Instructions to Jury. Not later than at the close of the evidence, the parties shall file written requests that the court charge the jury on the law set forth in such requests. The court shall then require counsel to appear before it to settle the charges to be given. At such conference all objections shall be made and ruled upon and the court shall inform counsel of such charges as it will give. No party may assign as error the giving of any charge unless that party objects thereto at such time, or the failure to give any charge unless that party requested the same. The court shall orally charge the jury after the arguments are completed and, when practicable, shall furnish a copy of its charges to the jury.
See Aetna Cas. & Sur. Co. v. Seacoast Transp. Co., 528 So.2d 480, 481 (Fla. 3d DCA 1988).
For obvious reasons, holding the charge conference prior to closing arguments is highly preferable, because "[o]ne of the purposes in having a conference on jury instructions before closing arguments is to allow the attorneys to be aware of the law so that they will be able to properly relate the law to the facts in their argument." Taylor v. State, 330 So.2d 91, 93 (Fla. 1st DCA 1976). See also Seckington v. State, 424 So.2d 194, 195 (Fla. 5th DCA 1983) ("One of the purposes of closing arguments is to give the attorneys the opportunity to tie together for the jury the law and the facts...."); King v. State, 642 So.2d 649 (Fla. 2d DCA 1994) (defendant was deprived of fair trial by denial of request to instruct on lesser offense supported by the evidence, though trial court gave instruction after it was too late for defense counsel to address issue in closing argument). In the ordinary case it is error to force a party to make closing argument prior to the jury charge conference.
During the charge conference, Thomason requested an instruction on both aggravation of a pre-existing injury and concurrent cause, based on the premise that there was evidence that Thomason had a pre-existing condition. Thomason argued that her pre-existing condition should be considered a concurrent cause with plaintiffs negligence, which warranted the giving of the instruction. The trial court refused to give the instruction on concurrent causes.
We agree that it was reversible error to deny her request for an instruction on concurrent causes, and that the failure to give this instruction in addition to an instruction on pre-existing conditions was reversible error. Several courts have recognized that where a defendant's negligence acts in combination with a plaintiff's physical condition to produce an injury, the concurring cause instruction of 5.1(b) is mandated. Esancy v. Hodges, 727 So.2d 308 (Fla. 2d DCA 1999) (trial court erred in failing to instruct the jury on concurrent cause where the evidence revealed that the negligent operation of the defendant's motor *899 vehicle combined with Ms. Esancy's pre-existing back condition to cause her injury). The standard jury instruction on aggravation of a pre-existing injury or defect is a damage instruction. Gross v. Lyons, 721 So.2d 304 (Fla. 4th DCA 1998), review granted, 732 So.2d 326 (Fla.1999), and decision approved, 763 So.2d 276 (Fla. 2000). That is, once a jury determines that the defendant's negligence caused in full or in part the plaintiff's injury, instruction 6.2(b) would permit the jury to assess damages against the negligent defendant for only that portion of the injury resulting from the aggravation or acceleration of the preexisting condition or the activation of a latent condition. It has repeatedly been held that to avoid any confusion concerning the jury's ability to hold a defendant liable where two or more causes join to produce an injury, a trial court should read the instruction on concurrent cause, in addition to the damage instruction on aggravation. See Esancy, supra; Dutcher v. Allstate Ins. Co., 655 So.2d 1217 (Fla. 4th DCA 1995); Marinelli v. Grace, 608 So.2d 833, 834 (Fla. 4th DCA 1992), review denied, 620 So.2d 761 (Fla.1993).
REVERSED and REMANDED.
GRIFFIN, J., and JOHNSON, C.T., Associate Judge, concur.
HARRIS, J., dissents, with opinion.
HARRIS, J., dissenting.
Although I agree that it was error for the trial court to delay the charge conference until after closing argument, under the facts presented by this record I find no error. A party is only entitled to a fair trial, a trial unaffected by error below; there is no requirement for a perfect trial. Unless the delay in the charge conference caused prejudice, a reversal is not justified. See Aetna Casualty and Surety Co. v. Seacoast Transp. Co., 528 So.2d 480 (Fla. 3d DCA 1988). The prejudice urged herein by appellant's counsel is that he, not knowing which charges would be given, could not properly argue his concurring cause theory. Since I conclude that the failure to give a special concurring cause instruction was not reversible error for the reasons stated below, I dissent.
It was appellant's position at trial in her "go for broke" presentation, that she suffered no pre-existing injuries. All of her complaints, she told the jury, originated from and were solely caused by the actions of appellee in negligently causing this low impact collision.[1] In her direct testimony, appellant denied any prior problems with her back or neck and denied ever having any sleeping problems or any problems with headaches prior to the accident. She did admit at trial to having suffered a slip and fall in 1990, although she failed to properly reveal the incident in her answers to interrogatories, and claimed the treatment lasted for only two weeks, did not involve her back or neck, and that she had "forgotten" about it. She had also claimed on her interrogatories that she had worked for Golden Age Nursing Home in Daytona Beach from 1988 until 1993 "forgetting," perhaps, that she had actually worked for various companies in Virginia from 1988 until 1992, including working for the company with which she was employed at the time of her slip and fall. On cross-examination, she also admitted that she had headaches "on and off' prior to the accident herein and had a long history of a sleeping problem.[2]
*900 Even though appellant denied any preexisting injuries or conditions during trial, she urged at the charge conference that since there was evidence that she had degenerated discs prior to this accident, her condition may have been worsened by defendant's negligence. Hence, she requested a charge on aggravation of a preexisting condition and the instruction was given.
The trial court, even though it gave the aggravation of pre-existing injury instruction, determined that there was no evidence that any pre-existing injury contributed to cause any other injury and denied her request for a concurring cause instruction. I believe the court was correct in doing so.[3]
The purpose of the concurring cause instruction is to inform the jury that the defendant is responsible for the result of his negligence even if it works in combination with the act of another, a natural cause, or some other cause if such other cause occurs at the same time as defendant's negligence to produce an injury. This instruction is most appropriate when there are consecutive accidents leading to an injury which cannot be apportioned or when there are multiple tortfeasors involved in causing a single injury. But is it reversible error not to give the instruction when the only "concurring cause" is the pre-existing condition of the plaintiff?[4] If the purpose of the instruction is to inform the jury that the defendant is responsible for his share of the damages caused by his negligent acts in conjunction with plaintiffs pre-existing condition in producing an aggravated condition, it does nothing more than the general causation instruction together with the pre-existing injury damage instruction which was given in this case.
Here, the jury was instructed that:
Negligence is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage so that it *901 can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred. (Emphasis added.)
You shall consider the following elements [of damages]:
Any aggravation of an existing disease or physical defect or aggravation of any latent condition resulting from such injury. If you find there was such an aggravation, you shall determine, if you can, what portion of Linda Thomason's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowances in your verdict for the entire condition.
Hence, the jury was instructed that the defendant was liable for any aggravation of plaintiff's pre-existing back conditions if the aggravation would not have occurred but for defendant's negligence. That is, the jury was informed that if it found that plaintiff's degenerated discs were ruptured by the accident, plaintiff was entitled to some or all of the damages related thereto, depending on whether the damages were apportionable. To find otherwise is to conclude that the jury lacked the ability to reason.
Even though the Fourth District may be correct that there is little reason not to give the concurring cause instruction upon request when a pre-existing condition has been aggravated[5] (ignoring the fact that redundant instructions may cause needless jury confusion and superfluous instructions may weigh too heavily in favor of a particular party), the question before us is whether the failure to give such instruction when the instructions given were adequate to apprise the jury of the applicable law warrants a reversal of a jury verdict.
Even in a case in which the issue involved the comparative negligence of two drivers in causing an injury to plaintiff, a passenger in one of the vehicles, the test for determining whether the failure to give the concurring cause instruction was reversible error was whether there is a "reasonable possibility" that the jury was misled by the failure to give the instruction. See Ruiz v. Cold Storage and Insulation Contractors, Inc., 306 So.2d 153 (Fla. 2d DCA 1975). But unlike a case involving pre-existing injuries in which there is a supplemental instruction on damages which clarifies the jury's obligation, the jury in Ruiz was limited to the general causation instruction.
In our case, there is nothing in the record to justify a conclusion that it is "reasonably possible" that the jury was confused about its obligation to assess damages against the negligent defendant for causing an aggravation to plaintiff's pre-existing injury. Instead, the jury's finding that the collision caused plaintiff no back injuryconsidering plaintiff's overall credibility problem, her delay in reporting a back injury, her inconsistent complaints, and the testimony of the defense expert that plaintiff suffered only a soft tissue injury which would have resolved in two to three monthsgives little credence to this notion. The $5,000 award in this case reflects a jury conclusion that plaintiff suffered *902 only soft tissue injury, not that it failed to understand the law.
NOTES
[1] Appellant told the emergency room personnel that appellee was going 5 miles per hour when the impact occurred.
[2] Indeed, had the plaintiff's lack of candor been raised below, it might have been dispositive. It may not be too late to raise her conduct on remand. If the court finds that plaintiff engaged in fraud or misconduct in presenting her case, her action may be dismissed. See Metropolitan Dade County v. Martinsen, 736 So.2d 794 (Fla. 3d DCA 1999); Stalvey v. Branton, 743 So.2d 633 (Fla. 5th DCA 1999) (Harris, J., concurring). If the court determines that plaintiff intentionally attempted to mislead the defense or the jury, it might be interested in also determining whether plaintiff was advised to be truthful or whether her "forgetfulness" was encouraged. If the latter, may this conduct also be justified under the newly defined concept of "in the best interest of the client" propounded by the defense in Durie v. State, 751 So.2d 685 (Fla. 5th DCA 2000)?
[3] I recognize the Fourth DCA has required this instruction in similar situations in a line of cases. It appears to be the Fourth's position that it is required in all aggravation of pre-existing injury cases.
[4] I recognize that there is authority from other courts, particularly the Fourth District, that the concurring cause instruction should be given in this instance. I have problems with this concept. A pre-existing injury may be acted upon by an outside force and caused to become worse, but such pre-existing injury is not itself a "cause" for such aggravated injury. Its contribution relates to the amount of damages recoverable from the aggravation, not to the causation of the aggravation. The pre-existing injury is embodied in the concept that the defendant takes the plaintiff as he or she is. Even if the plaintiff is more susceptible to a greater injury because of a pre-existing condition, plaintiff is not the cause of the greater injury which would not have occurred but for defendant's negligence. The mere fact that the aggravated injury would not have occurred "but for" the pre-existing condition does not make the pre-existing condition a concurring cause of the aggravated injury any more than the fact that the injured party happened to be at the fateful location at the critical time is a concurring cause of the aggravated injury. The pre-existing injury made the aggravated injury possible; it did not cause it or contribute to its cause.
[5] "Although we find no cases passing directly on the issue of whether a concurring cause instruction should be given in a threshold case, we can think of no reason why it should not be given where plaintiff has a pre-existing injury which combines with the injury in the accident to produce a permanent injury." Dutcher v. Allstate Ins. Co., 655 So.2d 1217, 1219 (Fla. 4th DCA 1995).