NORTHCUTT, Judge.
Charles Bowling suffered serious injuries in a construction site accident. He and his wife sued Emery F. Gilman and his solely owned corporation (whom we *43 refer to collectively), alleging negligence in the operation of Gilman’s crane. The Bowlings appeal a final judgment based on a jury verdict in Gilman’s favor. They raise three points, two of which we reject without further discussion. We find merit in the Bowlings’ assertion that the trial court should have instructed the jury on Gilman’s nondelegable duty of care.
Bowling was employed as a carpenter by Jim Weeks Specialists, a subcontractor to W.G. Mills, which was the general contractor for the construction of an adult congregate living facility. Jim Weeks Specialists engaged Gilman and his company to use Gilman’s crane to lift, or “fly,” fifty-foot roof trusses to the top of the structure. At the time of the accident, Gilman was operating the crane to fly the trusses one at a time. Roger Criner, Jim Weeks Specialists’ foreman, stood on the ground and gave Gilman signals to let him know when to fly each truss. Bowling and Jimmy Weeks, the son of the subcontractor’s owner, stood atop the structure, where they would catch each truss, guide it into place, and nail it in.
Periodically, the flying would be stopped to permit the carpenters to brace the trusses that had been set. At the conclusion of one of these breaks, Jimmy Weeks descended to use the restroom and to obtain more nails. He testified that when he reached the ground he reported his intention to the foreman, Criner. Apparently, a short time later Criner signaled Gilman to fly the next truss even though Weeks had not returned to the roof. For reasons that were in dispute, Bowling did not see the truss coming. A gust of wind caught the truss and slammed it into Bowling’s head. He fell thirty feet to a concrete floor.
Although the testimony conflicted on a number of points, one version would have permitted the jurors to conclude that Cri-ner was negligent when signaling Gilman to fly the truss. Also, there was evidence that Gilman had told Criner that conditions were too windy to proceed, but that Criner had convinced him to finish flying the last few trusses before the end of the day.
Under Florida law, a crane in operation is deemed to be inherently dangerous. Geffrey v. Langston Constr. Co., 58 So.2d 698 (Fla.1952). Consequently, the owner and operator of the crane have a nondelegable duty to use due care in its operation, which includes the duty to look out for the safety of workers around the crane. Atl. Coast Dev. Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676 (Fla. 3d DCA 1980). The nondelegable nature of this duty does not preclude the crane operator from assigning its performance to another, but liability for the negligent breach of that duty may not be delegated. Id. In other words, if in this case Criner negligently breached a duty of care arising from the operation of the crane, Gilman was vicariously liable.
At trial, the court refused Bowling’s request for the following instruction:
The owner and operator of a crane must use reasonable care in the operation of the crane and they must use reasonable care to look out for the safety of workers around the crane.
If a crane is operated and reasonable care is not used and if the safety of workers around the crane is not looked out for the owner and operator of the crane are negligent as a matter of law. If someone assumes or if a crane’s owner or operator assigns to someone part of the task of using reasonable care in the operation of a crane and looking out for the safety of workers around the crane and they are not looked out for, the owner and operator of the crane are negligent as a matter of law.
This was a correct statement of the law, as described above. It was supported by *44 evidence that Gilman, the owner and operator of the crane, entrusted to Criner responsibility to look out for the safety of Bowling and others working around the crane, and that Criner did so negligently. For these reasons, Bowling was entitled to the instruction. See Esancy v. Hodges, 727 So.2d 308 (Fla. 2d DCA 1999) (holding that plaintiff is entitled to have the jury instructed on the law applicable to the issues raised by the evidence).
Gilman argues that the instruction would have confused the jury into holding him liable for the alleged negligence of Jim Weeks Specialists and W.G. Mills in failing to provide fall protection for the workers. But the requested instruction was clearly directed to the operation of the crane, and so posed little danger of jury confusion. On the other hand, under the evidence the jurors might well have concluded that Cri-ner negligently performed a duty associated with the crane’s operation, but incorrectly failed to attribute that negligence to Gilman because they were never told that Gilman was vicariously liable for it.
We reverse and remand for a new trial.
SALCINES, J., and THREADGILL, EDWARD F., Senior Judge, concur.