975 So.2d 1246 (2008)
Martin NAVARETTE, Appellant,
v.
Lisa KERN, Appellee.
No. 4D06-4962.
District Court of Appeal of Florida, Fourth District.
March 12, 2008.
*1247 Betsy E. Gallagher and Michael C. Clarke of Kubicki Draper, Tampa, for appellant.
Jane Kreusler-Walsh and Rebecca Mercier Vargas of Kreusler-Walsh, Compiani & Vargas, P.A., West Palm Beach, and Casey D. Shomo of Casey D. Shomo, P.A., West Palm Beach, for appellee.
GROSS, J.
Lisa Kern filed a personal injury suit against Martin Navarette arising out of a rear-end automobile collision. Navarette conceded the issue of liability. Kern tried the case on the theory that the accident aggravated a pre-existing condition; she underwent spinal surgery. Her expert testified the accident aggravated a "preexisting abnormal disc." The defense expert testified that the accident caused not a permanent injury, but only a cervical sprain. The defense argued in closing that degenerative changes in Kern's neck, rather than Navarette's negligence, caused Kern's injuries.
The trial court refused Kern's request to charge the jury with Florida Standard Jury Instruction (Civil) 5.1(b) on concurring cause. The court gave Standard Instruction 6.2(b), the damage instruction on aggravation of an existing disease or physical defect. The jury awarded $11,238 in past medical expenses and lost wages, but found that Kern did not sustain a permanent injury as a result of the accident.
The court granted Kern's motion for new trial, ruling that it was error not to have given Standard Instruction 5.1(b) on concurring cause. Navarette appeals. We affirm.
This court has held that Florida Standard Jury Instruction 5.1(b) on concurring cause is "required where the defendant's negligence acts in combination with the plaintiff's physical conditions to produce the resulting injury." Marinelli v. Grace, 608 So.2d 833, 834 (Fla. 4th DCA 1992); see Dutcher v. Allstate Ins. Co., 655 So.2d 1217, 1219 (Fla. 4th DCA 1995); see also Hart v. Stern, 824 So.2d 927, 930 (Fla. 5th DCA 2002); Thomason v. Gordon, 782 So.2d 896, 898-99 (Fla. 5th DCA 2001); Esancy v. Hodges, 727 So.2d 308 (Fla. 2d DCA 1999). In Marinelli, we rejected the argument that giving instruction 6.2(b) on the aggravation of an existing condition made up for the failure to give the concurring cause instruction in a case such as this; we wrote that the "instruction on assessing damages, standing alone, is patently insufficient protection against the risk of confusion arising by a failure to give the concurring cause instruction." 608 So.2d at 834. Without the concurring cause instruction, "the jury could have been under the erroneous impression that the required permanent injury had to result solely from the accident." Dutcher, 655 So.2d at 1219.
We find no error in the trial judge's ruling on the defense expert.
Affirmed.
STONE and WARNER, JJ., concur.