MORRIS, Judge.
 

 GEICO Indemnity Company seeks this court’s discretionary review of an order of the county court entering final declaratory judgment in favor of Physicians Group, LLC, on Physicians Group’s complaint against GEICO for further payment of medical bills for care provided by Physicians Group to GEICO’s insured. GEI-CO claimed that the 2008 version of the personal injury protection (PIP) statute, section 627.736, Florida Statutes (2008), allowed GEICO to reduce payment to Physicians Group. The county court ruled that the 2008 version did not apply to the insurance policy in this case because the policy was issued prior to the effective date of the 2008 statute. Pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(A), the county court certified the following question to be of great public importance:
 

 DOES THE LEGISLATURE’S JANUARY 1, 2008, REENACTMENT/REVISION TO THE FLORIDA NO-FAULT LAW APPLY TO ALL DATES OF TREATMENT OCCURING [SIC] ON OR AFTER JANUARY 1, 2008, OR DOES IT APPLY ONLY TO THOSE INSURANCE POLICIES WHICH WERE IN EFFECT ON OR AFTER JANUARY 1, 2008?
 

 We rephrase the certified question to conform to the facts of this case:
 

 DOES THE 2008 VERSION OF THE FLORIDA MOTOR VEHICLE NO-FAULT LAW, WHICH EXPRESSLY APPLIES TO PIP POLICIES “IN EFFECT ON OR AFTER JANUARY 1, 2008,” APPLY TO A PIP POLICY THAT WAS ISSUED AND WHICH EXPIRED PRIOR TO THE LAW’S EFFECTIVE DATE OF JANUARY 1, 2008?
 

 In answering the rephrased certified question in the negative, we hold that the 2008 version of section 627.736 does not apply retroactively to the policy in this case. We accordingly affirm the judgment of the county court.
 

 On September 5, 2006, Paul Andro-ski was injured in an automobile accident. At that time, he was insured by GEICO for PIP coverage pursuant to a policy in
 
 *356
 
 effect from August 28, 2006, to February 23, 2007.
 
 [1]
 
 Androski received medical treatment for his accident injuries from Physicians Group beginning on January 24, 2007. On that date, he assigned his right and benefits under the policy to Physicians Group. The policy provided that GEICO “will pay, in accordance with the Florida Motor Vehicle No-Fault Law, as amended, ... 80% of
 
 medical expenses.”
 
 This was consistent with the 2006 version of the PIP statute, which required insurers to pay 80%
 
 “of
 
 all reasonable expenses for medically necessary medical ... services.” § 627.736(l)(a), Fla. Stat. (2006). Accordingly, GEICO paid Physicians Group 80% of the full amount billed for medical services provided to Androski for the year 2007.
 

 On January 1, 2008, the new Florida Motor Vehicle No-Fault Law, including a new PIP statute, went into effect.
 
 See
 
 ch. 2007-324, § 13 at 15, § 20 at 34, Laws of Fla. The new PIP statute contains the same language as quoted above but also provides that for nonemergency, nonhospi-tal services (like those rendered in this case), a PIP insurer “may limit reimbursement to 80[%] of ... 200[%] of the allowable amount under the participating physicians schedule of Medicare Part B” or if the services are “not reimbursable under Medicare Part B, ... 80[%] of the maximum reimbursable allowance under worker’s compensation.” § 627.736(5)(a)(2)(f), Fla. Stat. (2008).
 

 On January 7, 2008, Physicians Group performed an arthroscopic procedure on Androski for an accident-related injury. GEICO, applying the new 2008 statute, did not pay 80% of the billed amount for the 2008 surgery. Instead, GEICO reduced payment to 80% of 200% of the Medicare Part B fee schedule or $1122.86 of the $13,500 bill. Payment of 80% of the bill under the 2006 PIP statute would have been $10,800.
 

 Physicians Group filed a complaint against GEICO in county court, seeking a declaratory judgment that GEICO is prohibited from retroactively applying the 2008 law to claims based on a policy that was issued prior to the enactment of the 2008 statute. Both parties filed motions for summary judgment. The county court granted Physicians Group’s motion and denied GEICO’s motion, ruling that the law in effect at the time the insurance policy was executed controls the rights and liabilities of the parties. The trial court also ruled that the 2008 version of the statute was substantive and not remedial and should not be applied retroactively. Upon motion by GEICO, the county court certified the above issue as one of great public importance in its final declaratory judgment.
 

 “[I]t is generally accepted that the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract.”
 
 Hassen v. State Farm Mut. Auto. Ins. Co.,
 
 674 So.2d 106, 108 (Fla.1996) (citing
 
 Lumbermens Mut. Cas. Co. v. Ceballos,
 
 440 So.2d 612, 613 (Fla. 3d DCA 1983));
 
 see Esancy v. Hodges,
 
 727 So.2d 308, 309 (Fla. 2d DCA 1999). In
 
 Menendez v. Progressive Express Insurance Co.,
 
 35 So.3d 873 (Fla.2010), the supreme court outlined a two-part test to determine whether a statute that was enacted
 
 after
 
 the issuance of an insurance policy should
 
 *357
 
 have retroactive effect on claims arising out of that policy. First, a court must determine whether the legislature intended for the statute to apply retroactively. Second, if such an intent is clearly expressed, the court must determine whether the retroactive application would violate any constitutional principles.
 
 Id.
 
 at 877 (citing
 
 Metro. Dade Cnty. v. Chase Fed. Hous. Corp.,
 
 737 So.2d 494, 499 (Fla.1999)).
 

 A statute will not be determined to be retroactive unless its terms clearly show that the legislature intended such.
 
 Arrow Air, Inc. v. Walsh,
 
 645 So.2d 422, 424 (Fla.1994).
 

 “Requiring clear intent assures that [the legislature] itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits. Such a requirement allocates to [the legislature] responsibility for fundamental policy judgments concerning the proper temporal reach of statutes.... ”
 

 Id.
 
 at 425 (alterations in original) (quoting
 
 Landgraf v. USI Film Prods.,
 
 511 U.S. 244, 272-73, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)).
 

 A plain reading of the 2008 Florida Motor Vehicle No-Fault Law does not indicate a legislative intent that it applies retroactively to the policy in this case. In fact, section 627.7407(2), Florida Statutes (2008), adopted in 2007 and titled “Application of the Florida Motor Vehicle No-Fault Law,” specifically provides that “[a]ny personal injury protection policy in effect on or after January 1, 2008, shall be deemed to incorporate the provisions of the Florida Motor Vehicle No-Fault Law, as revived and amended by this act.”
 
 See
 
 ch. 2007-324, § 21 at 44, Laws of Fla. It is therefore clear that the legislature did not intend for the 2008 statute to apply to a policy that was issued in 2006 and that expired in 2007. Because the facts are not before us, we do not address whether the 2008 statute retroactively applies to a policy that was issued prior to but was “in effect on” January 1, 2008.
 

 Because the legislature did not intend for the retroactive application of the 2008 statute under the facts of this case, it is unnecessary for this court to reach the second part of the two-part test on retroactive application.
 

 Accordingly, we answer the certified question by holding that the 2008 version of section 627.736(5)(a)(2)(f) does not retroactively apply to an insurance policy that was no longer in effect on the statute’s effective date of January 1, 2008. The judgment of the county court is affirmed.
 

 WALLACE and KHOUZAM, JJ., Concur.
 

 [1]
 

 . Androski’s policy with GEICO was renewed after February 23, 2007; however, that fact is irrelevant because it is well settled that "upon each renewal of an insurance policyf,] an entirely new and independent contract of insurance is created.”
 
 Marchesano v. Nationwide Prop. & Cas. Ins. Co.,
 
 506 So.2d 410, 413 (Fla.1987). The policy in question in this case is the one that was in effect at the time of the accident.